# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOHN DOE,**

       **Plaintiff,**

**v.**                                                      **Case No:   6:20-cv-1220-Orl-78LRH**

**EMBRY-RIDDLE AERONAUTICAL UNIVERSITY, INC.,**

       **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR LEAVE TO PROCEED ANONYMOUSLY (Doc. 3)** |
| **FILED:** | **July 9, 2020** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

The Plaintiff filed this action anonymously against Defendant Embry-Riddle Aeronautical University, Inc. ("Defendant"), where the Plaintiff is a student. (Doc. 1 ("Complaint")). The case stems from the Defendant's decision to impose disciplinary sanctions against the Plaintiff for alleged sexual misconduct. (*Id.*). The Plaintiff claims that the Defendant's actions during the disciplinary proceedings violated Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. §§ 1681 *et seq.*, and breached its own "Sexual Misconduct Policy." (*Id.*).

Along with the Complaint, the Plaintiff filed a motion to proceed anonymously. (Doc. 3 ("Motion")). The Motion was filed prior to the Defendant's appearance in this action. As a result,

the Court entered an order directing the Defendant to file a response to the Motion within fourteen days of appearing in the case. (Doc. 10). In the meantime, the Court permitted the Plaintiff to proceed anonymously until the Motion is resolved. (*Id.*). The Defendant filed a timely response to the Motion, stating that it does not oppose the Plaintiff's request to proceed anonymously. (Doc. 43). In addition, the Defendant requests that the Court approve a "Joint Confidentiality Agreement and Protective Order" that has yet to be submitted to the Court. (*Id.*). The Motion is ripe for review.

It is axiomatic that "[l]awsuits are public events," *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992), and, as such, there is a "customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)[1]; *see* Fed. R. Civ. P. 10(a) (requiring the title of the complaint to contain the names of all parties). Accordingly, the Eleventh Circuit has concluded that a party may proceed anonymously only in "exceptional cases." *Frank*, 951 F.2d at 324.

A party may proceed anonymously in a civil action by showing that he or she has "a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Plaintiff B v. Francis*, 631 F.3d 1310, 1315-16 (11th Cir. 2011) (quoting *Frank*, 951 F.2d at 323). To determine whether a plaintiff has such a right, the court "should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id*. at 1316 (quoting *Frank*, 951 F.2d at 323). In conducting this evaluation,

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

the Eleventh Circuit has identified several nonexclusive factors to consider, including whether: 1) the case involves a challenge to government or private activity; 2) the party will be required to disclose information of the utmost intimacy; 3) the party would be threatened by violence or physical harm if they proceeded in their real name; 4) the party will be compelled to admit their intention to engage in illegal conduct and thus risk criminal prosecution; 5) the party is a minor; and 6) proceeding anonymously would pose a unique threat of fundamental unfairness to the defendant. *Id.* (citing *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir. 1979) and *Stegall*, 653 F.2d 180).

The Plaintiff contends that the second and sixth factors weigh in favor of proceeding anonymously. (Doc. 3 at 2). The Court agrees. This case centers on allegations that the Plaintiff engaged in sexual misconduct. The Plaintiff will therefore be required to disclose information of the utmost intimacy about himself and the victim of the alleged misconduct. For this reason, the second factor weighs in favor of proceeding anonymously.

The same is true with respect to the sixth factor. The Defendant is aware of the Plaintiff's identity and, therefore, it will not be unduly prejudiced if the Plaintiff is permitted to proceed anonymously. This fact is evidenced by the Defendant's lack of opposition to the Motion. (Doc. 43). For these reasons, the sixth factor weighs in favor of proceeding anonymously.

The Court finds the second and sixth factors are dispositive of the Plaintiff's request to proceeding anonymously.[2] Indeed, other courts in the Eleventh Circuit have reached the same conclusion in similar cases. *See Doe v. Rollins Coll.*, Case No. 6:18-cv-1069-Orl-37LRH, Doc. 28 (M.D. Fla. Oct. 2, 2018) (denying the defendant's motion to require the student-plaintiff to proceed

---

[2] None of the other factors enumerated by the Eleventh Circuit apply in this case. The Court therefore finds that those factors neither weigh in favor of or against proceeding anonymously.

under his legal name because the second and sixth factors weighed in favor of proceeding anonymously); *see also Doe v. Univ. of S. Ala.*, Civil Action No. 17-0394-CG-C, 2017 WL 3974997, at *2 (S.D. Ala. Sept. 8, 2017) (similar). For all these reasons, the Plaintiff will be granted leave to proceed anonymously.

The Defendant has also requested approval of a yet-to-be-filed "Joint Confidentiality Agreement and Protective Order." (Doc. 43 at 1). The request is apparently geared to protecting both the Plaintiff's identity, as well as the identity of other students involved in this matter. (*See id.*). The request is due to be denied in its current form because it is inappropriate to request affirmative relief in response to the Motion. *See* Local Rules 3.01(a), (b). Further, court approval of agreed confidentiality agreements is unnecessary and generally disfavored since the Court will enforce a properly executed confidentiality agreement. *See* Local Rule 4.15. To the extent the parties seek to protect the identities of other students involved in this matter, they are free to file an appropriate motion requesting such relief.

Accordingly, it is **ORDERED** that:

1. The Motion (Doc. 3) is **GRANTED**.
2. The Plaintiff is permitted to proceed anonymously in this case.
3. The Defendant's request for approval of the parties' confidentiality agreement is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on August 12, 2020.

*[signature: Leslie R. Hoffman]*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties