# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| JOHN DOE, | Case No. 6:20-cv-01220-WWB-LRH |
| Plaintiff, | Judge: BERGER |
| v. | CASE MANAGEMENT REPORT |
| EMBRY-RIDDLE AERONAUTICAL UNIVERSITY, INC. | |
| Defendant | |

The parties have been unable to agree on dates and a discovery plan pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 3.05(c).

Plaintiff is requesting a trial date in August 2021 and has calculated date accordingly. As grounds for this request, Plaintiff states that this is a "Track Two" case. The Court's July 20, 2020 Order (Doc#17) indicates "The Court's goal is to try most Track Two cases within 12 - 18 months of filing." An August trial date is consistent with this schedule. In addition, an August trial date is appropriate because it would provide for resolution before the start of the Fall semester.

Defendant is requesting a trial date in February 2022. As grounds for this request, Defendant states As a Track Two case with significant potential discovery-related concerns under FERPA, 99 CFR 99.31, a trial 13 months from the initial filing of the Complaint is overly ambitious and will likely require the parties to eventually request additional time or forego important discovery. A February trial date is consistent with the Court's "Track Two" scheduling requirements.

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Mandatory Initial Disclosures (pursuant to Fed. R. Civ. P. 26(a)(1)) [Recommended: 30 days after CMR meeting] | 9/25/20 |

1

| | |
|---|---|
| Motions to Add Parties or Amend Pleadings<br>[Recommended: 1–2 months after CMR meeting] | 10/16/2020 |
| Disclosure of Expert Reports<br>Plaintiff:<br>Defendant:<br>Plaintiff Rebuttal:<br>[Recommended: 1–2 months before discovery deadline] | Plaintiff Suggests:<br>Pl. Expert: 12/18/2020<br>Def. Expert: 1/22/2021<br>Pl. Rebuttal: 2/12/2021<br><br>Defendant Suggests:<br>Pl. Expert: 5/21/2021<br>Def. Expert: 6/11/2021<br>Pl. Rebuttal: 7/2/2021 |
| Discovery Deadline<br>[Recommended: 6 months before trial; all discovery must be commenced in time to be completed before this date] | Plaintiff Suggests: 2/26/2021<br>Defendant Suggests: 8/27/2021 |
| Dispositive and *Daubert* Motions<br>[Required: 5 or more months before the trial term begins] | Plaintiff Suggests: 3/31/2021<br>Defendant Suggests: 9/30/2021 |
| Meeting In Person to Prepare Joint Final Pretrial Statement<br>[Required: at least 10 days before Joint Final Pretrial Statement deadline] | Plaintiff Suggests: 6/18/2021 |

| | |
|---|---|
| | Defendant Suggests: 12/10/2021 |
| Joint Final Pretrial Statement (including a single set of jointly-proposed jury instructions and verdict form, voir dire questions, witness lists, and exhibit lists with objections on approved form) [Recommended: 4 weeks before trial term begins] | Plaintiff Suggests: 7/2/2021 Defendant Suggests: 12/23/2021 |
| All Other Motions (including motions in limine and trial briefs) [Required: 2 months before trial term begins] | Plaintiff Suggests: 5/31/2021 Defendant Suggests: 12/10/2021 |
| Trial Term [Local Rule 3.05(c)(2)(E) recommends within two years on Track Two cases; trial term must be at least five months after the dispositive motion deadline;] | Plaintiff Suggests: August 2021 Defendant Suggests: February 2022 |
| Estimated Length of Trial [trial days] | 4-5 Days |
| Jury/Non-Jury | Jury |
| Mediation                                                                 Deadline: Mediator: Address: Telephone: [Recommended: 2–3 months after CMR meeting or just after discovery deadline; mediation is mandatory] | Plaintiff suggests that this case should be exempt or withdrawn from mediation because the case primarily seeks injunctive relief and, therefore, the case is not suitable for mediation. |

|  | Defendant believes this case is appropriate for mandatory mediation and will strongly benefit from an early mediation. Defendant recommends an early mediation deadline of November 1, 2020. |
|---|---|
| Parties Consent to Proceed Before a Magistrate Judge | Yes___  No_X_ |

## Meeting of Parties in Person

The Court permitted the parties to conduct the CMC by telephonic means.  (Doc#42.) Counsel and any unrepresented parties hereby certify that a meeting was held on various dates by phone and email:

| _/s/ Joshua A Engel_____ | _Plaintiff_____ |
|---|---|
| Name | Counsel for/party |
| _/s/ Shaina Stahl_____ | ___Defendant_____ |
| Name | Counsel for/party |

## Initial Disclosures

Federal Rule of Civil Procedure 26 provides that these disclosures are mandatory in Track Two and Track Three cases except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05 to the extent that Rule 3.05 opts out of the mandatory discovery requirements).

The parties ___ have exchanged _X_ agree to exchange (check one) information described in Rule 26(a)(1)(A)–(D) by _September 25, 2020_____ (date).

4

## Electronic Discovery

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Initial Disclosures, Section II above, and agree that (check one):

\_\_\_ No party anticipates the disclosure or discovery of ESI in this case.

 X  One or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:

1. The form or forms in which ESI should be produced.

2. Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

3. Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

4. The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

5. The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

6. Any issues relating to preservation of discoverable ESI.

7. Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an order under the Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall file a separate motion for a protective order and attach a copy of the proposed order to the motion. The parties should attempt to agree on protocols that minimize the risk of waiver. Any proposed protective order shall comply with Local Rule 1.09 and Section IV.F below on Confidentiality Agreements.

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' positions on each:  NONE

If there are disputed issues specified above, or elsewhere in this report, then (check one):

\_\_\_ One or more of the parties request that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

**If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Federal Rule of Civil Procedure 16(a).**

 X  All parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

**Agreed Discovery Plan**

Certificate of Interested Persons and Corporate Disclosure Statement

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper—including emergency motion—is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

   X  Yes

\_\_\_\_\_ No     Amended Certificate will be filed by _____ (party) on or

before _____ (date).

6

### Discovery Not Filed

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests via an electronic medium. *See* Local Rule 3.03(e).

### Limits on Discovery

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed. R. Civ. P. 30(a)(2)(A)(i); Fed. R. Civ. P. 31(a)(2)(A)(i); *see also* Local Rule 3.02. Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed. R. Civ. P. 33(a); *see also* Local Rule 3.03. Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed. R. Civ. P. 30(d)(1). The parties may agree by stipulation on other limits on discovery. Fed. R. Civ. P. 29. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

1. Depositions: No changes from Rule of Civil Procedure.
2. Interrogatories: No changes from Rule of Civil Procedure.
3. Document Requests: No changes from Rule of Civil Procedure.
4. Requests to Admit: No changes from Rule of Civil Procedure.
5. Supplementation of Discovery: No changes from Rule of Civil Procedure.

### Discovery Deadline

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows: The parties may conduct depositions of expert witnesses following the discovery deadline if necessary to accommodate the schedules of such witnesses.

### Disclosure of Expert Testimony

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Rule 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information contained in the written expert report or encompassed by the expert summary disclosed pursuant to Rule 26. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony: None.

### Confidentiality Agreements

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and motions to file under seal are disfavored. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:  The Parties intend to enter

into a stipulated and signed confidentiality agreement designed to protect against the disclosure of student information protected by FERPA in accordance with Local Rule 4.15. Further, while the Parties are cognizant of the Court's view of stipulated motions for protective orders, the Parties believe that such an order in this case may be appropriate to accommodate the legitimate privacy interests of students.

### Other Matters Regarding Discovery

The parties agree as follows: The Parties agree that depositions may be conducted by video conference due to COVID-19 concerns.

## Settlement and Alternative Dispute Resolution

### Arbitration

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

\_\_\_\_\_ Yes—binding

\_\_\_\_\_ Yes—non-binding

_X_\_\_ No

### Mediation

Absent arbitration or a Court order to the contrary, the parties in every case must participate in Court-annexed mediation as detailed in Chapter Nine of the Local Rules.

Plaintiff, pursuant to Local Rule 9.03(c), suggests that this case should be exempt or withdrawn from mediation because the case primarily seeks injunctive relief and, therefore, the case is not suitable for mediation.

Defendant believes this case is appropriate for mandatory mediation and will strongly benefit from an early mediation. Defendant recommends an early mediation deadline of November 1, 2020.

A list of Court approved mediators is available from the Clerk and is posted on the Court's web site at http://www.flmd.uscourts.gov. However, the parties may unanimously agree to use a mediator who is not on that list.

### Settlement

At any point during the pendency of this litigation, the parties may request a settlement conference before a United States Magistrate Judge by filing a motion with the Court. Settlement conferences may not be used as a substitute for mediation, and the parties must still designate a mediator and mediation deadline.

### Other Alternative Dispute Resolution

The parties intend to pursue the following other method(s) of alternative dispute resolution:

None at this time.

Respectfully submitted,

/s/ Joshua Engel
JOSHUA ADAM ENGEL (OH 0075769)
    *Pro hac vice*
ANNE TAMASHASKY (OH 0064393)
    *Pro hac vice*
ENGEL AND MARTIN, LLC
4660 Duke Drive, Ste. 101
Mason, OH 45040
(513) 445-9600
(513) 492-8989 (Fax)
engel@engelandmartin.com

Lori A. Sochin (FL 013048)
LUBELL | ROSEN
1 Alhambra Plaza, Suite 1410
Coral Gables, FL 33134
(305) 655-3425
(305) 442-9047
las@lubellrosen.com

FOR DEFENDANT:

/s/ Shaina Stahl
Shaina Stahl (Florida Bar No. 77643)
    (TRIAL COUNSEL)
NELSON MULLINS BROAD & CASSEL
390 N. Orange Avenue, Suite 1400
Orlando, FL 32801
(407) 839-4200
shaina.stahl@nelsonmullins.com


Daniel A. Cohen
    *pro hac vice*
Jeffrey R. Daniel
    *pro hac vice*
Nelson Mullins Riley & Scarborough LLP
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000
dan.cohen@nelsonmullins.com
jeff.daniel@nelsonmullins.com