UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN DOE,

       Plaintiff,

                                        CASE NO. 6:20-cv-01220-WWB-LRH

vs.

EMBRY-RIDDLE AERONAUTICAL
UNIVERSITY, INC.,

       Defendant.

_____/

**DEFENDANT EMBRY RIDDLE AERONAUTICAL, INC.'S MOTION FOR CONFIDENTIALITY PROTECTIVE ORDER REGARDING DISCOVERY AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Defendant Embry-Riddle Aeronautical University ("ERAU" or "Defendant") moves this Court to enter a confidentiality protective order regarding the discovery and use of documents and information in this litigation that contain allegations of sexual misconduct and student education records protected under federal law.

## I.    INTRODUCTION.

This case involves allegations of serious student sexual misconduct, and discovery will include intimate details of students' sexual encounters, student health and medical records, student educational and disciplinary records and other highly confidential and sensitive information that is federally protected from disclosure under the Family Education Rights and Privacy Act of 1974, 20 U.S.C. § 1232g, and the regulations promulgated thereunder ("FERPA"). FERPA prohibits ERAU from disclosing this information, absent prior written consent or judicial order. And even if ERAU properly discloses such information under FERPA, it may only do so on the condition that the recipient agrees to maintain the confidentiality of that information and not disseminate

beyond its intended purpose in this litigation. Under Rule 26(c), a confidentiality protective order is necessary to facilitate a FERPA-compliant discovery process in this case, including document productions and depositions.

Moreover, this Court previously allowed Plaintiff to proceed anonymously under a pseudonym, reasoning that Plaintiff will be required to disclose information of the utmost intimacy about himself and the victim of the alleged misconduct. (Doc. 44.) Other ERAU students have the same interest in keeping the most intimate and sensitive details of their private lives outside the realm of public consumption. Unfortunately, those privacy interests are in jeopardy whenever the parties disclose a document discussing their FERPA-protected information, including especially records relating to the intimate details of their health, medical, and sexual histories.

## II.    STATEMENT OF FACTS.

On August 12, 2020, this Court granted Plaintiff's motion to proceed anonymously, holding: "This case centers on allegations that the Plaintiff engaged in sexual misconduct. The Plaintiff will therefore be required to disclose information of the utmost intimacy about himself and the victim of the alleged misconduct."   (Doc. 44.) Discovery will include voluminous documents and information containing confidential information relating to current and former ERAU students, including: (i) education records, (ii) student disciplinary records, and (iii) other documents containing personally identifiable information relating to students.

While the Court will enforce a properly executed confidentiality agreement, typically making court approval of confidentiality agreements unnecessary, the extraordinary nature of this case and FERPA require limited court approval of the requested nature. A proposed confidentiality protective order is attached hereto as **Exhibit 1**. Without the requested order, ERAU will not be

2

able to disclose FERPA-protected documents and information in response to Plaintiff's discovery requests.

### III.    ARGUMENT AND CITATION OF AUTHORITY.

Under Rule 26(c), for good cause shown, a court may enter "an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Such orders may forbid disclosure of discovery, specify terms for disclosure, and prohibit parties from revealing confidential information. Fed. R. Civ. P. 26(c)(A), (B), & (G). As discussed in greater detail below, good cause exists for a confidentiality protective order authorizing ERAU to produce FERPA-protected documents and information to Plaintiff in response to discovery requests. Such order is necessary to facilitate an efficient FERPA-compliant discovery process.

Students have a substantial privacy interest in maintaining the confidentiality of their school records. *Rios v. Read*, 73 F.R.D. 589, 598 (E.D.N.Y. 1977). Under FERPA, a college generally must obtain written consent from a student before disclosing personally identifiable information ("P.I.I.") from that student's education records, unless an exception applies under 34 C.F.R. § 99.31. 34 C.F.R. § 99.30(a). FERPA defines P.I.I. broadly to include the following categories of information:

(a) The student's name;

(b) The name of the student's parent or other family members;

(c) The address of the student or student's family;

(d) A personal identifier, such as the student's social security number, student number, or biometric record;

(e) Other indirect identifiers, such as the student's date of birth, place of birth, and mother's maiden name;

(f) Other information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community,

3

who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty; or

(g) Information requested by a person who the educational agency or institution reasonably believes knows the identity of the student to whom the education record relates.

*Id.* § 99.3. FERPA defines "education records" as any records the college maintains that are "directly related to a student[,]" with certain narrow exceptions not applicable here. *Id.*

Under 34 C.F.R. § 99.31(a)(9), a college may disclose protected P.I.I. without prior consent pursuant to a "judicial order or lawfully issued subpoena[,]" provided the college first "make[s] a reasonable effort to notify" the affected student so that they "may seek protective action." 34 C.F.R. § 99.31(a)(9)(i)-(ii). FERPA imposes a higher burden on a party seeking FERPA-protected information than other types of discovery, such as business records. *Ellis v. Cleveland Mun. Sch. Dist.*, 309 F. Supp. 2d 1019, 1023 (N.D. Ohio 2004); *Rios*, 73 F.R.D. at 598; *Lipian v. Univ. of Mich.*, No. 18-13321, 2020 WL 2513082, *4 (E.D. Mich. May 15, 2020). Thus, a party may produce FERPA-protected information and documents in response to a discovery request pursuant to judicial order and the requisite notice under 34 C.F.R. § 99.31(a)(9). *See C.T. v. Liberal Sch. Dist.*, Nos. 06-2093-JWL, 06-2360-JWL, 06-2359-JWL, 2008 WL 394217, *8 (D. Kan. Feb. 11, 2008) ("Specifically, discovery of otherwise confidential information may be disclosed as long as (1) the parental notification requirements of the regulation are met and, (2) a protective order restricts disclosure of the information to the purposes of the litigation.").

Courts, including this Court, have issued orders providing for the production of FERPA protected materials in response to discovery requests. *See e.g. Hatcher v. Desoto Cty. Bd. of Edn.*, M.D.Fla. No. 2:13-cv-138, 2013 U.S. Dist. LEXIS 207702, at *12 (Nov. 6, 2013) ("courts have previously permitted disclosure of records towards proving a plaintiff's claims of a policy of discrimination by the school in question"); *Ragusa v. Malverne Union Free Sch. Dist.*, 549

4

F.Supp.2d 288, 294 (E.D.N.Y.2008) ("an order requiring disclosure of the requested education records is appropriate here because the information Plaintiff seeks is arguably relevant to her claims and is in the exclusive control of Defendants.").

Furthermore, FERPA permits colleges to disclose protected P.I.I. "only on the condition" that the recipient will not re-disclose it without prior consent of the affected student. 34 C.F.R. § 99.33(a)(1); *see also* Violence Against Women Act, 34 C.F.R. § 668.46(k). The recipient, including his agents, may use that P.I.I. "only for purposes for which the disclosure was made." 34 C.F.R. § 99.33(a)(2). Absent prior written consent, the recipient of FERPA-protected documents may only re-disclose them after removing all student P.I.I., provided the recipient "has made a reasonable determination that a student's identity is not personally identifiable, whether through single or multiple release, and taking into account other reasonably available information." 34 C.F.R. § 99.31(b)(1).

As discussed above, however, FERPA defines P.I.I. broadly to include more than just direct personal identifiers. *See* 34 C.F.R. § 99.3 (P.I.I. definition at (f) and (g)). As the U.S. Department of Education has explained, "The simple removal of nominal or direct identifiers, such as name and SSN (or other ID number), does not necessarily avoid the release of personally identifiable information. Other information, such as address, date and place of birth, race, ethnicity, gender, physical description, disability, activities and accomplishments, disciplinary actions, and so forth, can indirectly identify some depending on the combination of factors and level of detail released." 73 Fed. Reg. 74831 (Dec. 9, 2008). Furthermore, "public directories and previously released information, including local publicity and even information that has been de-identified, is sometimes linked or linkable to an otherwise de-identified record or data set and renders the

information personally identifiable." *Id.* The FERPA regulations require schools disclosing protected information "to address these situations." *Id.*

Here, there is good cause for a confidentiality protective order under Rule 26(c). FERPA restricts ERAU's ability to produce other students' protected P.I.I. to Plaintiff in response to discovery requests, absent prior written consent from the affected students or judicial order. *See* 34 C.F.R. §§ 99.30(a) and 99.31(a)(9). In the absence of a confidentiality protective order streamlining this process, FERPA's regulatory requirements would place an undue burden on the parties, potentially frustrating their ability to conduct full and fair discovery in this case. Beyond ensuring FERPA compliance, a protective order is also necessary to protect students' privacy interests in their school records.

FERPA's broad, context-specific definition of P.I.I. would potentially make it impracticable, if not impossible, to remove all protected information from discovery responses and document productions, whether through redaction or use of pseudonyms. For the broadest categories of P.I.I., where Plaintiff likely knows and others can deduce the students' identities, redactions are likely to be so thorough so as to make the records meaningless and indecipherable. *See* 34 C.F.R. § 99.3 (subsections (f) and (g) of P.I.I. definition). Thus, for purposes of FERPA compliance and reasonably safeguarding students' privacy interests, use of redactions or pseudonyms alone will not be sufficient to facilitate an orderly discovery process.

Accordingly, good cause exists for a confidentiality protective order authorizing ERAU to disclose FERPA-protected material during the course of discovery, subject to Rules 26-37.

## IV. CONCLUSION.

For the foregoing reasons, ERAU respectfully request that the Court enter a confidentiality protective order, as follows:

1) *Discovery.* Subject to the limitations and procedures set forth in Rules 26-37 of the Federal Rules of Civil Procedure and the provisions of this Order, Defendant shall produce FERPA-protected documents and information (the "Protected Material"), including personally identifiable information from the education records of students in unredacted form, that are responsive to any discovery request from Plaintiff under Rules 30-36, in accordance with paragraphs (i) through (iv) below:

(i)   Before producing any Protected Material, Defendant first must comply with the notice requirements under 34 C.F.R. § 99.31(a)(9)(ii).

(ii)  Unless Defendant has already provided a FERPA-compliant notice, Defendant shall make a reasonable effort to notify each affected student (or, as appropriate, the parent of the eligible student) of each discovery request affecting them within ten (10) days of being timely served with such request.

(iii) The affected student shall have ten (10) days from the date of any such notice to move for a protective order. If the affected student moves for a protective order within that timeframe, Defendant shall not produce the Protected Material at issue in the motion unless and until the Court enters an order in response to the motion authorizing such production. If the affected student does not move for a protective order within that timeframe, Defendant may produce the requested Protected Material within the time period set forth under the Federal Rules of Civil Procedure, subject to any non-FERPA objections.

(iv) All such documents shall be produced as "Confidential" under the Parties' Stipulated Confidentiality Agreement and subject to Paragraph 2 below.

2) Nothing in this Order shall prohibit ERAU from asserting any other applicable objections to discovery requests by Plaintiff, including objections that discovery is beyond the scope permitted by Fed. R. Civ. P. 26(b)(1) or seeks privileged materials.

For the Court's reference, ERAU has attached a copy of a proposed protective order hereto as **Exhibit 1**.

<u>**Certificate of Compliance with Local Rule 3.01(g)**</u>

The undersigned attorney hereby certifies that she conferred with Plaintiff's counsel, Josh Engel, Esq., regarding the relief requested in this motion.  After much negotiation, the parties were not able to reach an agreement on a joint motion.  The concept of the relief requested is not opposed, but counsel has indicated that he opposes the Motion.

This 24th day of September, 2020.

NELSON MULLINS BROAD & CASSEL

/s/ Shaina Stahl
Paul Renner
Florida Bar No. 40304
Shaina Stahl
Florida Bar No. 77643
390 N. Orange Avenue, Suite 1400
Orlando, FL 32801
(407) 839-4200
paul.renner@nelsonmullins.com
shaina.stahl@nelsonmullins.com

Daniel A. Cohen
(*Pro Hac Vice*)
Jeffrey R. Daniel
(*Pro Hac Vice*)
Nelson Mullins Riley & Scarborough LLP
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000
dan.cohen@nelsonmullins.com

jeff.daniel@nelsonmullins.com

*Attorneys for Embry-Riddle*
*Aeronautical University, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of September, 2020, I served the within and foregoing DEFENDANT EMBRY RIDDLE AERONAUTICAL UNIVERSITY, INC.'S MOTION FOR CONFIDENTIALITY PROTECTIVE ORDER REGARDING DISCOVERY AND MEMORANDUM OF LAW IN SUPPORT THEREOF by depositing a copy of the same in the United States Mail in a properly addressed envelope with adequate postage affixed thereto to ensure delivery to the following:

Lori A. Sochin, Esq.
Law Office of Lori A. Sochin, P.A.
2525 Ponce de Leon Boulevard
Suite 300
Coral Gables, FL 33134
lori@sochinlaw.com
*Attorneys for Plaintiff*

Joshua Engel, Esq.
Anne Tamashasky, Esq.
Engel & Martin LLC
4660 Duke Drive, Suite 101
Mason, OH 45040
engel@engelandmartin.com
tamashasky@engelandmartin.com
*Attorneys for Plaintiff*


*/s/ Shaina Stahl*
Attorney