UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN DOE,

      Plaintiff,

                              CASE NO. 6:20-cv-01220-WWB-LRH

vs.

EMBRY-RIDDLE AERONAUTICAL
UNIVERSITY, INC.,

      Defendant.
_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR ORDER PERMITTING THE PRODUCTION OF STUDENT RECORDS**

Defendant Embry-Riddle Aeronautical University ("ERAU") responds to Plaintiff's Motion for Order Permitting the Production of Student Records (Doc. 52):

The Parties agree on the need to produce discovery (once discovery is due), but they differ on the contents of the Court Order needed to authorize production of FERPA-protected student information. Though FERPA permits production of students' protected personally identifiable information ("P.I.I.") pursuant to "a judicial order or lawfully issued subpoena," 34 C.F.R. § 99.31(a)(9), there is no such exception for party discovery under Rules 26-37. *See generally* 34 C.F.R. § 99.31. That FERPA prohibition is particularly vexing here because Plaintiff knows or reasonably can deduce the affected students' identities. Because Plaintiff can tie confidential information to specific students, FERPA prohibits its disclosure absent protection of a judicial order. *See* 34 C.F.R. § 99.3 (P.I.I. definition at (g), (f)).

Rule 26(c) allows this Court to enter a protective order permitting <u>unredacted</u> document productions that FERPA would otherwise prohibit. Without a judicial order, ERAU could only

produce heavily-redacted documents, removing all FERPA-protected student information.[1] ERAU's proposed Order would streamline discovery and benefit Plaintiff, yet Plaintiff inexplicably opposed ERAU's motion. Accordingly, after unsuccessful negotiations with and delays by Plaintiff's counsel, ERAU filed its motion for a protective order to enable unredacted discovery that Plaintiff seeks. (Doc. 46.) Plaintiff opposed that motion (Doc. 49) and filed the instant Motion (Doc. 52). In doing so, Plaintiff has prioritized form over substance—but has gotten the form wrong. While the Parties can contract to maintain confidentiality under a Stipulation after records are produced, they cannot contract around federal law to enable an unauthorized production of P.I.I.[2] Further, a Court Order is needed to bind third-parties subject to discovery in this matter, including under FERPA's notice provisions. 34 C.F.R. § 99.31(a)(9)(ii). Plaintiff's proposed Order (Doc. 52) is simply insufficient. Compare Doc. 46-1 at 4, Nos. (i)-(iii). ERAU's requested protective order (Doc. 46) will better ensure an efficient discovery process.

---

[1] Rather than refusing to produce FERPA-protected documents in response to Plaintiff's discovery requests, ERAU has instead advised Plaintiff that, absent a protective order, FERPA only permits it to produce documents with all P.I.I. redacted. (*Contra* Doc. 52 at 1.)

[2] ERAU disputes Plaintiff's broad assertion that his need for discovery outweighs students' privacy interests (Doc. 52 at 2), especially given his request for <u>ten years</u> of unrelated students' sexual misconduct records. (Doc. 47-2 at No. 17.)

This 28th day of September, 2020.

        NELSON MULLINS BROAD & CASSEL

        /s/ Shaina Stahl
        Paul Renner
        Florida Bar No. 40304
        Shaina Stahl
        Florida Bar No. 77643
        390 N. Orange Avenue, Suite 1400
        Orlando, FL 32801
        (407) 839-4200
        paul.renner@nelsonmullins.com
        shaina.stahl@nelsonmullins.com

        Daniel A. Cohen
        (*Pro Hac Vice*)
        Jeffrey R. Daniel
        (*Pro Hac Vice*)
        Nelson Mullins Riley & Scarborough LLP
        201 17th Street NW, Suite 1700
        Atlanta, GA 30363
        (404) 322-6000
        dan.cohen@nelsonmullins.com
        jeff.daniel@nelsonmullins.com

        *Attorneys for Embry-Riddle*
          *Aeronautical University, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of September, 2020, I served the within and foregoing DEFENDANT EMBRY RIDDLE AERONAUTICAL UNIVERSITY, INC.'S RESPONSE BRIEF TO PLAINTIFF'S MOTION FOR ORDER PERMITTING PRODUCTION OF STUDENT RECORDS by depositing a copy of the same in the United States Mail in a properly addressed envelope with adequate postage affixed thereto to ensure delivery to the following:

| | |
|---|---|
| Lori A. Sochin, Esq.<br>Law Office of Lori A. Sochin, P.A.<br>2525 Ponce de Leon Boulevard<br>Suite 300<br>Coral Gables, FL 33134<br>lori@sochinlaw.com<br>*Attorneys for Plaintiff* | Joshua Engel, Esq.<br>Anne Tamashasky, Esq.<br>Engel & Martin LLC<br>4660 Duke Drive, Suite 101<br>Mason, OH 45040<br>engel@engelandmartin.com<br>tamashasky@engelandmartin.com<br>*Attorneys for Plaintiff* |

        */s/ Shaina Stahl*
            Attorney