UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN DOE,

        Plaintiff,

CASE NO. 6:20-cv-01220-WWB-LRH

vs.

EMBRY-RIDDLE AERONAUTICAL
UNIVERSITY, INC.,

        Defendant.
_____/

**DEFENDANT EMBRY-RIDDLE AERONAUTICAL UNIVERSITY, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

Embry-Riddle Aeronautical University, Inc. ("Defendant" or "ERAU"), Defendant in the above-styled action, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, submits its objections and responses to Plaintiff's First Set of Requests for the Production of Documents (the "Requests") as follows:

RESPONSE TO DOCUMENT REQUESTS

REQUEST NO. 1:

Every document you reasonably anticipate introducing as an exhibit at trial or in support of or in opposition to a motion for summary judgment.

**RESPONSE:  ERAU objects to this Request because it seeks to discover the mental impressions, conclusions, opinions, or legal theories of its counsel concerning this litigation. See Fed. R. Civ. P. 26(b)(3)(B).**

REQUEST NO. 2:

Every document relied upon or reviewed by any expert you reasonably anticipate calling as a witness at trial or who you anticipate will be submitting an affidavit in support of or in opposition to a motion for summary judgment.

**RESPONSE: ERAU objects to this Request to the extent it seeks documents relied upon or reviewed by non-trial expert consultants. Subject to the foregoing objections, ERAU has not yet made any determination regarding whether it may call a trial expert in this case.**

REQUEST NO. 3:

Every document identified in response to Defendants' First Set of Interrogatories.

**RESPONSE: ERAU objects to this Request to the extent it calls for documents protected by the attorney-client privilege and/or attorney work product doctrine. Subject to the foregoing objections, but without waiving the same, ERAU refers you to all documents it has produced or made available for inspection in connection with these Requests.**

REQUEST NO. 4:

All documents concerning the investigation or adjudication of the claims that the Plaintiff committed sexual misconduct.

**RESPONSE: ERAU objects to this Request on the grounds to the extent it calls for any attorney-client privileged communications between ERAU and its attorneys regarding this litigation. ERAU further objects to this Request on the grounds that it calls for attorney-client privileged communications between Charlie Sevastos (ERAU's General Counsel) and certain ERAU officials. ERAU further objects to this Request on the grounds that it calls for documents containing confidential student information protected from disclosure under FERPA; unless and until the Court enters a protective order authorizing the production of such documents in unredacted form pursuant to 34 C.F.R. § 99.31(a)(9), ERAU will only produce such documents in redacted form. Subject to the foregoing objections, and without waiving the same, ERAU will make all**

appropriately redacted responsive documents available for inspection at a mutually convenient time and place.

REQUEST NO. 5:

All documents concerning communications between Jane Roe and any ERAU employee concerning the investigation or adjudication of the claims that the Plaintiff committed sexual misconduct.

**RESPONSE: ERAU objects to this Request on the grounds that it calls for documents containing confidential student information protected from disclosure under FERPA; unless and until the Court enters a protective order authorizing the production of such documents in unredacted form pursuant to 34 C.F.R. § 99.31(a)(9), ERAU will only produce such documents in redacted form. Subject to the foregoing objections, and without waiving the same, ERAU will make all appropriately redacted responsive documents available for inspection at a mutually convenient time and place. ERAU will make all appropriately redacted responsive documents available for inspection at a mutually convenient time and place.**

REQUEST NO. 6:

The personnel and/or academic files of all persons involved in the investigation or adjudication of the claims that the Plaintiff committed sexual misconduct, including all hearing panel members.

**RESPONSE: ERAU objects to this Request on the grounds that it calls for documents not relevant to any claim or defense in this litigation and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. See Fed. R. Civ. P. 26(b)(1).**

**Specifically, employee personnel files contain personal, sensitive, and confidential information that is not relevant to any issue in this litigation. "Courts have not permitted . . . a plaintiff to obtain an entire personnel file merely because of the possibility that there is something in it that may prove his case."** *Williams v. The Art Institute of Atlanta*, **No. 1:06-cv-285-CC-AJB, 2006 WL 3694649, \*10 (N.D. Ga. Sept. 1, 2006) (denying motion to compel entire personnel files). Because Plaintiff has not identified any relevant portions of employee's personnel files or academic files, ERAU will not be producing such documents.**

**To the extent this Request calls for student academic files, such documents are not relevant to any issue in this litigation. Production of such documents also would be unduly burdensome because, before providing responsive information, ERAU would have to conduct an extensive review of education records to identify any current or former students whose PII would be potentially disclosed and then comply with FERPA's notice and consent requirements relating to those students.**

REQUEST NO. 7:

All documents concerning accommodations, benefits, or interim measures provided by ERAU to Jane Roe, or requested by Jane Roe, related to her allegations that she was a victim of sexual misconduct.

**RESPONSE:  ERAU objects to this Request on the grounds that it calls for documents containing confidential student information protected from disclosure under FERPA; unless and until the Court enters a protective order authorizing the production of such documents in unredacted form pursuant to 34 C.F.R. § 99.31(a)(9), ERAU will only produce such documents in redacted form. Subject to the foregoing objections, and without waiving the same, ERAU will make all appropriately redacted responsive documents available for inspection at a mutually convenient**

time and place. ERAU will make all appropriately redacted responsive documents available for inspection at a mutually convenient time and place.

REQUEST NO. 8:

The academic file of Jane Roe, including:

a. All transcripts

b. All communications with an Academic Advisor concerning performance in classes

**RESPONSE: ERAU objects to this Request on the grounds that Jane Roe's transcripts and academic performance are not relevant to any claim or defense in this litigation. Furthermore, such information is confidential and federally protected from disclosure under FERPA; before ERAU could produce any such documents, it would have to comply with FERPA's notice and consent requirements.**

REQUEST NO. 9:

All documents concerning communications between Jane Roe and any person acting as an advocate or advisor to related to her claim that she was a victim of sexual misconduct.

**RESPONSE: ERAU has no documents responsive to this Request within its possession, custody, or control.**

REQUEST NO. 10:

Copies of any ERAU policies or procedures in effect from 2015-2020 that address discrimination and harassment based on sex, including sexual misconduct, involving students, employees, and third parties, including sexual violence/misconduct/harassment policies and procedures, Title IX grievances, applicable disciplinary procedures and codes, appeal procedures, and nondiscrimination notices. If any of the above policies or procedures changed

over the applicable time period, copies of: (i) all documents that reflect each change, noting the date(s) when the new policy or procedure became applicable; and (ii) drafts of all such policies.

**RESPONSE: ERAU objects to this Interrogatory because it is not proportional to the needs of the case, considering the importance of the issues at stake in the action.** *See* **Fed. R. Civ. P. 26(b)(1). It is overbroad in temporal scope, as it calls for policies dating back ten years. Subject to the foregoing objections, and without waiving the same, ERAU will make available for inspection copies of its Sexual Misconduct Policy and Resolution Process in effect from 2017-2020.**

REQUEST NO. 11:

Copies of any notes, agendas, summaries or follow-up communication related to any meetings during 2011-2020 between ERAU staff and the complaining student(s) regarding allegations of, or remedies for, sexual misconduct.

**RESPONSE: ERAU objects to this Request on the grounds it calls for documents not relevant to any claim or defense in this litigation and is not proportional to the needs of the case. See Fed. R. Civ. P. 26(b)(1). Sexual misconduct proceedings involving other ERAU students have no bearing on Plaintiff's allegations against ERAU in this case and are therefore irrelevant. The Request is overbroad in temporal scope, as it calls for documents dating back nearly ten years. It is overbroad in subject-matter, as it calls for documents relating to any "sexual misconduct" matter, regardless of the type of alleged misconduct at issue or the procedural posture of the matter (e.g., whether the complaining student withdrew the complaint, etc.). This request is also unduly burdensome because, before producing such documents, ERAU would have to conduct an extensive review of education records to identify any current or former students whose PII would be potentially disclosed**

-6-

in such production and then comply with FERPA's notice and consent requirements relating to those students.

REQUEST NO. 12:

Copies of documents related to any steps ERAU took from 2011-2020 to make students, faculty, and staff at the University aware of the policies and that address discrimination and harassment based on sex, including sexual misconduct, such as publications, website statements, and/or training.

**RESPONSE: ERAU objects to this Request on the grounds it calls for documents not relevant to any claim or defense in this litigation and is not proportional to the needs of the case.** *See* **Fed. R. Civ. P. 26(b)(1). The Request is overbroad in temporal scope, as it calls for documents dating back nearly ten years. The Request is also overbroad in subject-matter, as it calls for documents relating to the training of ERAU faculty and staff who had no role in Plaintiff's disciplinary proceeding. Subject to the foregoing objections, ERAU will make responsive documents from 2019-2020 available for at a mutually convenient time and place.**

REQUEST NO. 13:

Copies of any materials distributed at any training regarding Title IX as it applies to sexual harassment, including sexual assault and violence, the University provided or offered to (i)ERAU personnel; and (ii)ERAU students from 2011-2020.

**RESPONSE: ERAU objects to this Request on the grounds it calls for documents not relevant to any claim or defense in this litigation and is not proportional to the needs of the case.** *See* **Fed. R. Civ. P. 26(b)(1). The Request is overbroad in temporal scope, as it calls for documents dating back nearly ten years. The Request is also overbroad in subject-matter,**

as it calls for documents relating to the training of ERAU faculty and staff who had no role in Plaintiff's disciplinary proceeding. Subject to the foregoing objections, ERAU will make responsive documents from 2019-2020 available for at a mutually convenient time and place.

REQUEST NO. 14:

Copies of any and all brochures, pamphlets, or other materials that are disseminated by ERAU to students regarding sexual harassment, the rights of complainants and accused individuals, and/or other campus resources available to assist those facing sexual harassment/violence for 2011-2020.

**RESPONSE:** ERAU objects to this Request on the grounds it calls for documents not relevant to any claim or defense in this litigation and is not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). The Request is overbroad in temporal scope, as it calls for documents dating back nearly ten years. The Request is also overbroad in subject-matter, as it calls for documents relating to the training of ERAU faculty and staff who had no role in Plaintiff's disciplinary proceeding. Subject to the foregoing objections, ERAU will make responsive documents from 2019-2020 available for at a mutually convenient time and place.

REQUEST NO. 15:

Copies of any summaries or interim or final reports that describe the outcome of efforts by ERAU to assess the campus climate regarding sexual harassment/sexual misconduct issues, including self-assessments, collected data, or monitored sexual harassment, misconduct, or violence on campus, if at all, for 2011-2020.

**RESPONSE**: **ERAU is still in the process of investigating whether it has any responsive documents in its possession, custody, or control. To the extent it finds any, it will seasonably supplement this response accordingly.**

REQUEST NO. 16:

All documents concerning the training of staff for conducting investigations on allegations students have engaged in Sexual Misconduct for 2011-2020.

**RESPONSE**: **ERAU objects to this Request on the grounds it calls for documents not relevant to any claim or defense in this litigation and is not proportional to the needs of the case.** *See* **Fed. R. Civ. P. 26(b)(1). The Request is overbroad in temporal scope, as it calls for documents dating back nearly ten years. The Request is also overbroad in subject-matter, as it calls for documents relating to the training of ERAU faculty and staff who had no role in Plaintiff's disciplinary proceeding. Subject to the foregoing objections, ERAU will make responsive documents from 2019-2020 available for at a mutually convenient time and place.**

REQUEST NO. 17:

All documentation concerning any formal or informal complaints or reports of sexual misconduct made to ERAU (including, but not limited to those received ERAU personnel, campus police, the Title IX Office, Equal Opportunity, housing, or those received elsewhere and then referred to ERAU) or investigated/resolved by ERAU from 2011 through 2020, including:

a. any written complaints or reports, and a any documents containing descriptions of

b. any verbal complaints;

c. all investigative files, interview memoranda, witness statements, and related documents concerning any investigation of these complaints or reports;

-9-

    d.    any documents showing the steps of the investigation and the results of the investigation, including any correspondence, e-mails, and other documents concerning how ERAU notified pertinent parties of the outcome of each investigation;

    e.    any documents, including student academic records, memoranda, e-mails, notes, or other documents, that discuss or relate to accommodations or interim measures provided to the complainant while the complaint was being investigated or after the investigation concluded;

    f.    any documents, including student discipline records, memoranda, e-mails, notes, or other documents, that discuss or relate to any disciplinary or other remedial action ERAU took in response to each complaint or report any documents that discuss or relate to: whether ERAU found that the complainant and/or other students were sexually harassed/assaulted; whether ERAU found that any complaint was part of a larger pattern of similar complaints; and whether ERAU made any conclusion about whether the complainant and/or other students were subject to a sexually hostile environment.

    g.    If not included in responses above, all communications, including letters, e-mails, notes, memoranda, reports, notices, or other communications sent or received by ERAU faculty, staff, administration, and/or trustees from 2011-2020, that discuss, relate or refer to the complaints or reports identified under this request.

**RESPONSE: ERAU objects to this Request on the grounds it calls for documents not relevant to any claim or defense in this litigation and is not proportional to the needs of the case. See Fed. R. Civ. P. 26(b)(1). Sexual misconduct proceedings involving other ERAU**


**students have no bearing on Plaintiff's allegations against ERAU in this case and are therefore irrelevant. Moreover, the Request is overbroad in temporal scope, as it calls for documents dating back nearly ten years. It is overbroad in subject-matter, as it calls for documents relating to any "sexual misconduct" matter, regardless of the type of alleged misconduct at issue or the procedural posture of the matter (e.g., whether the complaining student withdrew the complaint, etc.). This request is also unduly burdensome because, before producing such documents, ERAU would have to conduct an extensive document review to identify any current or former students whose PII would be potentially disclosed in such production and then comply with FERPA's notice and consent requirements relating to those students.**

This 9th day of October, 2020.

                                                                                                                                         NELSON MULLINS BROAD & CASSEL

By:    /s/ *Shaina Stahl*
        Paul Renner
        Florida Bar No. 40304
        Shaina Stahl
        Florida Bar No. 77643
        390 N. Orange Avenue, Suite 1400
        Orlando, FL 32801
        (407) 839-4200
        paul.renner@nelsonmullins.com
        shaina.sthal@nelsonmullin.com

        Daniel A. Cohen
        (*Pro Hac Vice*)
        Jeffrey R. Daniel
        (*Pro Hac Vice*)
        Nelson Mullins Riley & Scarborough LLP
        201 17th Street NW, Suite 1700

Atlanta, GA 30363
(404) 322-6000
dan.cohen@nelsonmullins.com
jeff.daniel@nelsonmullins.com

*Attorneys for Embry-Riddle Aeronautical University, Inc.*

-12-

# CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of October, 2020, I served the within and foregoing DEFENDANT EMBRY-RIDDLE AERONAUTICAL UNIVERSITY, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS by depositing a copy of the same in the United States Mail in a properly addressed envelope with adequate postage affixed thereto to ensure delivery to the following:

Lori A. Sochin, Esq.
Lori A. Sochin, P.A.
2525 Ponce de Leon Blvd., Suite 300
Coral Gables, FL 33134
lori@sochinlaw.com
*Attorneys for Plaintiff*

Joshua Engel, Esq.
Anne Tamashasky, Esq.
Engel & Martin LLC
4660 Duke Drive, Suite 101
Mason, OH 45040
engel@engelandmartin.com
tamashasky@engelandmartin.com
*Attorneys for Plaintiff*

/s/ *Shaina Stahl*
Attorney