UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN DOE,

       Plaintiff,

                            CASE NO. 6:20-cv-01220-WWB-LRH

vs.

EMBRY-RIDDLE AERONAUTICAL
UNIVERSITY, INC.,

       Defendant.

_____/

**DEFENDANT EMBRY-RIDDLE AERONAUTICAL UNIVERSITY, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Embry-Riddle Aeronautical University, Inc. ("Defendant" or "ERAU"), Defendant in the above-styled action, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, submits its objections and responses to Plaintiff's First Set of Interrogatories (the "Interrogatories") as follows:

RESPONSE TO INTERROGATORIES

INTERROGATORY NO. 1:

Identify every document you reasonably anticipate introducing as an exhibit at trial or in support of or in opposition to a motion for summary judgment.

**RESPONSE: ERAU objects to this Interrogatory because it seeks to discover the mental impressions, conclusions, opinions, or legal theories of its counsel concerning this litigation. See Fed. R. Civ. P. 26(b)(3)(B). Notwithstanding the foregoing objections, but without waiving the same, ERAU has not yet made any determination about which exhibits it anticipates introducing at trial or in connection with summary judgment proceedings.**

INTERROGATORY NO. 2:

Identify every person you reasonably anticipate calling as a witness at trial or who you anticipate will be submitting an affidavit in support of or in opposition to a motion for summary judgment. For each person identified in response to this Interrogatory, describe the person's anticipated testimony.

**RESPONSE: ERAU objects to this Interrogatory because it seeks to discover the mental impressions, conclusions, opinions, or legal theories of its counsel concerning this litigation. See Fed. R. Civ. P. 26(b)(3)(B). Notwithstanding the foregoing objections, but without waiving the same, ERAU has not yet made any determination about which witnesses it anticipates calling at trial.**

INTERROGATORY NO. 3:

Identify every expert you reasonably anticipate calling as a witness at trial or who you anticipate will be submitting an affidavit in support of or in opposition to a motion for summary judgment. For each person identified in response to this Interrogatory, summarize the expert witness's testimony, findings, analysis, conclusions, or opinion, and provide a summary of the expert's qualifications.

**RESPONSE: ERAU objects to this Request to the extent it calls for ERAU to identify or provide information about non-trial expert consultants. Subject to the foregoing objections, ERAU has not yet made any determination regarding whether it may call a trial expert in this case.**

INTERROGATORY NO. 4:

Identify all persons who took any action concerning the investigation or adjudication of the claims that the Plaintiff committed sexual misconduct.

**RESPONSE: ERAU identifies the following persons:**

    **(i.)**    **Autumn Meyers-Parker;**

    **(ii.)**    **Linda Dammer;**

    **(iii.)**    **Elizabeth Frost; and**

    **(iv.)**    **Jason Langston.**

<u>INTERROGATORY NO. 5</u>:

For each person identified in response to the previous interrogatory: (a) describe in detail the actions taken by each person in the investigation or adjudication of the claims that the Plaintiff committed sexual misconduct; and (b) describe in detail any training completed by the person concerning the investigation or adjudication of allegations of sexual misconduct.

<u>**RESPONSE**</u>**:  ERAU responds as follows:**

    **(i)**    **Autumn Meyers-Parker (Title IX Investigator at ERAU's Daytona Beach campus) conducted the original investigation of the alleged sexual activity between Plaintiff and Jane Roe.**

    **(ii)**    **Linda Dammer (Title IX Coordinator at ERAU's Daytona Beach campus) rendered the original decision, finding Plaintiff responsible for engaging in non-consensual sexual intercourse.**

    **(iii)**    **Elizabeth Frost (Title IX Coordinator at ERAU's Prescott campus) reviewed Plaintiff's request for reconsideration, granted it, and appointed Jason Langston to conduct the review on reconsideration.**

    **(iv)**    **Jason Langston (Director of Housing and Residence Life at ERAU's Prescott campus), on reconsideration, reviewed Meyers-Parker's investigation and independently found Plaintiff responsible for engaging in non-consensual sexual intercourse.**

INTERROGATORY NO. 6:

Identify all students who have been alleged to have engaged in Sexual Misconduct at ERAU from 2011 through 2020. For each person identified: describe the nature of the allegation; state the gender of the complainant and the respondent; identify the complainant or alleged victim; describe the results of any investigation and/or any appeal or hearing on the allegations, including any sanctions or discipline imposed on a student (including any interim sanctions imposed prior to the resolution of the matter); and describe any accommodations or interim measures requested by and/or provided to the alleged victim.

**RESPONSE: ERAU objects to this Interrogatory on the grounds it calls for information not relevant to any claim or defense in this litigation and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.** *See* **Fed. R. Civ. P. 26(b)(1). Sexual misconduct proceedings involving other ERAU students have no bearing on Plaintiff's allegations against ERAU in this case and are therefore irrelevant. Moreover, the Request is overbroad in temporal scope, as it calls for information about matters dating back nearly ten years. It is overbroad in subject-matter, as it calls for information relating to any "sexual misconduct" matter, regardless of the type of alleged misconduct at issue or the procedural posture of the matter (***e.g.***, whether the complaining student withdrew the complaint, etc.). This request is also unduly burdensome because, before providing responsive information, ERAU would have to conduct an extensive review of education**

-4-

**records to identify any current or former students whose PII would be potentially disclosed and then comply with FERPA's notice and consent requirements relating to those students.**

INTERROGATORY NO. 7:

Describe the investigative process for allegations that students have engaged in Sexual Misconduct from 2010 to 2020. If the process has changed over time, please describe all changes and the effective dates of the changes.

**RESPONSE: ERAU objects to this Interrogatory because it is not proportional to the needs of the case, considering the importance of the issues at stake in the action. See Fed. R. Civ. P. 26(b)(1). It is overbroad in temporal scope, as it calls for policies dating back ten years. Furthermore, Plaintiff can readily ascertain any relevant changes in ERAU's investigative process by reviewing the versions of ERAU's Resolution Process which were in effect from 2017-2020. In response to Request for Production No. 10, ERAU will produce copies of all versions of the Resolution Process in effect between 2017-2020. Accordingly, ERAU refers you to those documents, pursuant to Rule 33(d).**

INTERROGATORY NO. 8:

Describe the appeal and/or hearing process for allegations that students have engaged in Sexual Misconduct from 2011 to the present. In answering this Interrogatory, describe, including references to any applicable policies or procedures, the following:

a. The manner in which students are permitted to cross examine adverse witnesses;

b. The manner in which students can compel the attendance of witnesses at the hearing;

c. All rules for conduct of any hearings;

d. The standard of proof employed at the hearing; and

  e.  The burden of proof employed at the hearing.

**RESPONSE:  ERAU objects to this Interrogatory because it is not proportional to the needs of the case, considering the importance of the issues at stake in the action. See Fed. R. Civ. P. 26(b)(1). It is overbroad in temporal scope, as it calls for policies dating back ten years. Furthermore, Plaintiff can readily ascertain any relevant changes in ERAU's investigative process by reviewing the versions of ERAU's Resolution Process which were in effect from 2017-2020. In response to Request for Production No. 7, ERAU will produce copies of all versions of the Resolution Process in effect between 2017-2020. Accordingly, ERAU refers you to those documents, pursuant to Rule 33(d).**

INTERROGATORY NO. 9:

Provide the name(s) and title(s) of the ERAU Title IX coordinator(s), and any deputy or co-coordinator(s) from 2011 to 2020 and describe when each individual assumed and/or left his or her position.

**RESPONSE:  The following individuals have served as Title IX Coordinators for ERAU since 2011:**

  **(i)  Kathy Downes;**

  **(ii)  Cat Riley;**

  **(iii)  Elizabeth Frost; and**

  **(iv)  Linda Dammer.**

INTERROGATORY NO. 10:

Provide the names and titles of any ERAU personnel responsible for investigating incidents of discrimination and harassment biased on sex or implementing any part of the University's Title IX grievance process.

**RESPONSE:** The following individuals have served as investigators in ERAU Title IX matters:

    **(i)**    **Autumn Meyers-Parker;**

    **(ii)**    **Andrea Hooper;**

    **(iii)**    **Jason Langston; and**

    **(iv)**    **Karen Vance.**

INTERROGATORY NO. 11:

Describe any steps ERAU took from 2011-2020 to make students, faculty, and staff at the University aware of the policies and that address discrimination and harassment based on sex, including sexual misconduct, such as publications, website statements, and/or training.

**RESPONSE:** ERAU has taken numerous steps to educate students, faculty, and staff about its Title IX and sexual misconduct policies and procedures, including the following:

    **(i)**    **Presentations to students during UNIV 101 course;**

    **(ii)**    **Face-to-face presentations for all new and transfer students;**

    **(iii)**    **Literature distributed to all incoming students;**

    **(iv)**    **Literature distributed to all departments;**

    **(v)**    **Face-to-face presentations with administrative departments, academic departments, Flight program, student organizations, resident assistants, all new and continuing athletes, all athletic staff, coaches, and administrators;**

    **(vi)**    **Offering Healthy Relationship discussion for benefit of students, with ERAU Chaplain, faculty, and Title IX staff;**

    **(vii)**    **Offering self-defense class for students in coordination between Safety & Security & Title IX office;**

    **(viii)**    **Tabling at orientation and other events;**

    **(ix)**    **Introductions of Title IX at Freshman Orientation;**

    **(x)**    **Skillsoft; and**

    **(xi)**    **Announcements in ERNIE about Domestic Violence Awareness Month.**

    **By way of further response, ERAU refers you to all documents it has produced in response to Request for Production Nos. 12-14 and 16.**

<u>INTERROGATORY NO. 12</u>:

Describe the ways in which ERAU from 2011-2020 communicated with students, staff, and other members of the campus community about its processes for addressing sexual harassment and violence (for example, through its web site, specific publications, specific other electronic means, etc.).

**RESPONSE:  ERAU has taken numerous steps to educate students, faculty, and staff about its Title IX and sexual misconduct policies and procedures, including the following:**

    **(i)**    **Presentations to students during UNIV 101 course;**

    **(ii)**    **Face-to-face presentations for all new and transfer students;**

    **(iii)**    **Literature distributed to all incoming students;**

    **(iv)**    **Literature distributed to all departments;**

    **(v)**    **Face-to-face presentations with administrative departments, academic departments, Flight program, student organizations, resident assistants, all new and continuing athletes, all athletic staff, coaches, and administrators;**

    **(vi)**    **Offering Healthy Relationship discussion for benefit of students, with ERAU Chaplain, faculty, and Title IX staff;**

 **(vii) Offering self-defense class for students in coordination between Safety & Security & Title IX office;**

 **(viii) Tabling at orientation and other events;**

 **(ix) Introductions of Title IX at Freshman Orientation;**

 **(x) Skillsoft; and**

 **(xi) Announcements in ERNIE about Domestic Violence Awareness Month.**

 **By way of further response, ERAU refers you to all documents it has produced in response to Request for Production Nos. 12-14 and 16.**

INTERROGATORY NO. 13:

Describe any training regarding Title IX as it applies to sexual harassment, including sexual assault and violence, ERAU provided or offered to (i) University personnel; and (ii) University students from 2011 through 2020. In answering this interrogatory, for each training, include the date of the training; the target audience (e. g., coaches, residence hall staff, etc.); and a description of the background/expertise of' the individual who provided training.

**RESPONSE:  ERAU has taken numerous steps to educate students, faculty, and staff about its Title IX and sexual misconduct policies and procedures, including the following:**

 **(i) Presentations to students during UNIV 101 course;**

 **(ii) Face-to-face presentations for all new and transfer students;**

 **(iii) Literature distributed to all incoming students;**

 **(iv) Literature distributed to all departments;**

 **(v) Face-to-face presentations with administrative departments, academic departments, Flight program, student organizations, resident assistants, all new and continuing athletes, all athletic staff, coaches, and administrators;**

 **(vi)**   **Offering Healthy Relationship discussion for benefit of students, with ERAU Chaplain, faculty, and Title IX staff;**

 **(vii)**   **Offering self-defense class for students in coordination between Safety & Security & Title IX office;**

 **(viii)**   **Tabling at orientation and other events;**

 **(ix)**   **Introductions of Title IX at Freshman Orientation;**

 **(x)**   **Skillsoft; and**

 **(xi)**   **Announcements in ERNIE about Domestic Violence Awareness Month.**

  **By way of further response, ERAU refers you to all documents it has produced in response to Request for Production Nos. 12-14 and 16.**

<u>INTERROGATORY NO. 14</u>:

Describe how ERAU has assessed the campus climate regarding sexual harassment issues, conducted self-assessments, collected data, or monitored sexual harassment, misconduct, or violence on campus, if at all, for 2011 through 2020.

**<u>RESPONSE</u>: ERAU has conducted climate surveys.**

<u>INTERROGATORY NO. 15</u>:

Describe any communications between any employee or representative of ERAU and the Department of Education concerning the manner in which ERAU investigates and adjudicates allegations of sexual misconduct, including but not limited to any investigation by the Department of Education. In answering this interrogatory, include: all participants to the communication; the date and time of the communication; the mode of communication (e.g. spoken, telephone, email, letter etc . . .); and the substance of the communication.

**<u>RESPONSE</u>: ERAU has no information responsive to this Interrogatory.**

INTERROGATORY NO. 16:

Identify all persons who participated in the drafting of the Sexual Misconduct Policy.

**RESPONSE:** **The following individuals participated in drafting ERAU's Sexual Misconduct Policy for the 2019-2020 school year:**

- **(i)** **Linda Dammer;**
- **(ii)** **Elizabeth Frost;**
- **(iii)** **Autumn Meyers-Parker;**
- **(iv)** **Andrea Hooper; and**
- **(v)** **Karen Vance.**

INTERROGATORY NO. 17:

Identify any consultants hired by ERAU on the issue of Title IX and Sexual Misconduct.

**RESPONSE:** **ERAU has not hired any such consultants.**

This 9th day of October, 2020.

                                                      NELSON MULLINS BROAD & CASSEL

By:   /s/ *Shaina Stahl*
Paul Renner
Florida Bar No. 40304
Shaina Stahl
Florida Bar No. 77643
390 N. Orange Avenue, Suite 1400
Orlando, FL 32801
(407) 839-4200
paul.renner@nelsonmullins.com
shaina.sthal@nelsonmullin.com

Daniel A. Cohen
(*Pro Hac Vice*)

-11-

Jeffrey R. Daniel
(*Pro Hac Vice*)
Nelson Mullins Riley & Scarborough LLP
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000
dan.cohen@nelsonmullins.com
jeff.daniel@nelsonmullins.com

*Attorneys for Embry-Riddle Aeronautical University, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of October, 2020, I served the within and foregoing DEFENDANT EMBRY-RIDDLE AERONAUTICAL UNIVERSITY, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES by depositing a copy of the same in the United States Mail in a properly addressed envelope with adequate postage affixed thereto to ensure delivery to the following:

| | |
|---|---|
| Lori A. Sochin, Esq. | Joshua Engel, Esq. |
| Lori A. Sochin, P.A. | Anne Tamashasky, Esq. |
| 2525 Ponce de Leon Blvd., Suite 300 | Engel & Martin LLC |
| Coral Gables, FL 33134 | 4660 Duke Drive, Suite 101 |
| lori@sochinlaw.com | Mason, OH 45040 |
| *Attorneys for Plaintiff* | engel@engelandmartin.com |
| | tamashasky@engelandmartin.com |
| | *Attorneys for Plaintiff* |

/s/ *Shaina Stahl*
Attorney

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN DOE,

    Plaintiff,

CASE NO. 6:20-cv-01220-WWB-LRH

vs.

EMBRY-RIDDLE AERONAUTICAL
UNIVERSITY, INC.,

    Defendant.

_____/

**VERIFICATION**

STATE OF FLORIDA
COUNTY OF VOLUSIA

    Personally appeared before me Charles W. Sevastos, in his official capacity as Vice President and General Counsel for Embry-Riddle Aeronautical University, Inc., who being duly sworn according to law, deposes and says that the information provided in Defendant Embry-Riddle Aeronautical University, Inc.'s Objections and Responses to Plaintiff's First Set of Interrogatories in the above-captioned case is true and accurate to the best of his knowledge.

_____
CHARLES W. SEVASTOS

Sworn to and subscribed before me this 9th day of October 2020.

_____
NOTARY PUBLIC
My Commission Expires: 1-1-2024



JENNIFER L. MANKE
MY COMMISSION # GG 930861
EXPIRES: January 1, 2024
Bonded Thru Notary Public Underwriters