# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JOHN DOE,

          Plaintiff,

v.                                     Case No:   6:20-cv-1220-Orl-78LRH

EMBRY-RIDDLE AERONAUTICAL
UNIVERSITY, INC.,

          Defendant.

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ORDER PERMITTING THE PRODUCTION OF STUDENT RECORDS (Doc. No. 52)** |
| **FILED:** | **September 25, 2020** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff filed this action anonymously against Defendant Embry-Riddle Aeronautical University, Inc. ("Defendant"), where Plaintiff is a student. Doc. No. 1. The case stems from Defendant's decision to impose disciplinary sanctions against Plaintiff for alleged sexual misconduct. *Id.* Plaintiff claims that Defendant's actions during the disciplinary proceedings violated Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. §§ 1681 *et seq*., and that Defendant breached its "Sexual Misconduct Policy." *Id.*

In the instant motion, Plaintiff asks this Court to enter a blanket order stating that Defendant may disclose information protected by the Family Educational Rights and Privacy Act ("FERPA")

"in response to discovery requests subject to a confidentiality stipulation."  Doc. No. 52, at 2. Plaintiff further requests the Court Order that "disclosure should not be prohibited by FERPA because the genuine need for the information outweighs the privacy interests of the students provided that such disclosure is pursuant to a confidentiality stipulation/protective order."  Doc. Nos. 52, 52-1.  Defendant opposes.  Doc. No. 53.  On review, Plaintiff's request will be denied.

First, Plaintiff has provided no legal authority demonstrating that he is entitled to the relief he seeks, *i.e*., that such a broad order is legally required, or even legally permissible.  *See* Doc. No. 52.  Rather, Plaintiff cites to legal authority establishing the general propositions that educational agencies are permitted to disclose educational records under certain circumstances, and that courts have issued orders providing for the production of FERPA-protected materials in response to discovery requests.  *Id.* at 1–2.  Second, to the extent that Plaintiff seeks an Order that Defendant can produce FERPA-protected information during discovery, the Court has recently entered an Order Governing Discovery establishing same.  *See* Doc. No. 63.  Third, it appears that what Plaintiff seeks is essentially a ruling that Defendant is required to produce all discovery materials sought by Plaintiff that includes FERPA-protected materials.  *See* Doc. No. 52.  However, whether Plaintiff is entitled to specific discovery depends on the discovery he seeks, and that determination will need to be made only if the matter comes before the Court and on review of Plaintiff's specific requests.   In other words, Plaintiff's request is both speculative and premature.

For these reasons, Plaintiff's Motion for Order Permitting the Production of Student Records (Doc. No. 52) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on December 4, 2020.

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record