# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOHN DOE,**

      **Plaintiff,**

**v.**                                                                 Case No:   6:20-cv-1220-Orl-78LRH

**EMBRY-RIDDLE AERONAUTICAL UNIVERSITY, INC.,**

      **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO COMPEL PRODUCTION OF INVESTIGATION AND DISCIPLINARY RECORDS (Doc. No. 60)** |
| **FILED:** | **October 26, 2020** |

**THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Plaintiff filed this action anonymously against Defendant Embry-Riddle Aeronautical University, Inc. ("Defendant" or "ERAU"), where Plaintiff is a student. Doc. No. 1. The case stems from Defendant's decision to impose disciplinary sanctions against Plaintiff for alleged sexual misconduct. *Id.* Plaintiff claims that Defendant's actions during the disciplinary proceedings violated Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. §§ 1681 *et seq.*, and that Defendant breached its "Sexual Misconduct Policy." *Id.*

In the above-styled motion, Plaintiff seeks to compel Defendant to provide full responses to certain discovery requests, specifically Document Requests 11 and 17 and Interrogatory 6, each of which relate to complaints or reports of sexual misconduct made to ERAU and related information such as the complaints, investigative files, student disciplinary records, and the identities of the accused.  Doc. No. 60; *see also* Doc. No. 60-1, at 2–5; Doc. No. 60-2, at 3.  Defendant opposes the motion.  Doc. No. 61.

Upon consideration of the parties' respective briefing, Plaintiff's motion will be denied without prejudice for two central reasons.  First, Defendant's response to the motion to compel raises concerns that Plaintiff did not fully comply with Local Rule 3.01(g) or the Court's Standing Order on Discovery (*see* Doc. 21 ¶ 1) prior to filing the motion to compel.  Doc. No. 61.  Specifically, correspondence between the parties demonstrates that Plaintiff agreed to temporally limit the discovery requests, and that Defendant was "willing to discuss a reasonable narrowing" of the discovery requests.  Doc. Nos. 60-5, 60-6, 60-8.  However, according to Defendant, after a single phone call that did not result in a full resolution or constitute a complete discussion, Plaintiff filed the motion to compel.  Doc. No. 61

Second, Defendant's objections to the discovery requests and its response to the motion to compel raise issues regarding the disclosure of materials protected under the Family Education Rights and Privacy Act of 1974, 20 U.S.C. § 1232g ("FERPA").  Doc. Nos. 60-3, 60-4, 61.  Since Plaintiff filed the motion to compel, the Court has entered an Order Governing Discovery that sets forth the applicable procedures in this case for disclosure of documents containing FERPA-protected information.  *See* Doc. No. 63.  Therefore, the Court finds it prudent to require the parties to again meet and confer regarding the discovery requests at issue in light of that Order.

- 3 -

For these reasons, the motion to compel (Doc. No. 60) is **DENIED without prejudice** to renewal after the parties engage in a good faith conferral—in person, via telephone, or via videoconference—addressing the subject discovery requests and Defendant's objections thereto. Any renewed motion shall include a detailed recitation of the parties' efforts to resolve this matter without further Court intervention.

**DONE** and **ORDERED** in Orlando, Florida on December 7, 2020.

*Leslie R. Hoffman*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record