UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN DOE,

        Plaintiff,

vs.                              CASE NO. 6:20-cv-01220-WWB-LRH

EMBRY-RIDDLE AERONAUTICAL
UNIVERSITY, INC.,

        Defendant.
_____/

**DEFENDANT EMBRY-RIDDLE AERONAUTICAL UNIVERSITY, INC.'S
MOTION TO COMPEL DISCOVERY OF
INCIDENT UNDERLYING THIS LITIGATION**

Pursuant to Rule 37(a), Embry-Riddle Aeronautical University, Inc. ("ERAU") files this motion to compel.

This action stems from Plaintiff's sexual assault of a female student (Jane Roe) and his subsequent expulsion; Plaintiff's lawsuit alleges that when he later claimed Roe sexually assaulted him, ERAU pursued Plaintiff's allegations differently than it pursued the claims of the initial victim who came forward to report that very assault. Plaintiff has taken the position that he will refuse to provide any information in discovery – written or oral – that relates to his relationship with Roe and the underlying incident.

Plaintiff refused to provide this information and documents responsive to discovery requests, including Interrogatories 1-10;17 and RPDs 3-9;14-16, [*See* First Interrogatories and

RPD requests and responses attached as composite **Exhibits 1 and 2**, respectively[1]] and states that Plaintiff will not answer deposition questions regarding the underlying incident. [*See* Rule 37 Letter dated 2/12/21, and response attached as composite **Exhibit 4**]. Plaintiff's deposition is tentatively set for March 5, 2021.

ERAU is entitled to all responsive information, documents, and deposition testimony "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" Fed. R. Civ. P. 26(b)(1).

The information sought and refused cannot be classified as Plaintiff's prior sexual activity, but relates to everything surrounding the incident central to *this case* which includes the text messages Doe and Roe exchanged, his intentions and the evening spent with Roe, who was there, and what occurred. Facts surrounding the incident are not privileged and are highly relevant to many critical issues, including whether: (1) Plaintiff invokes the Court's equitable jurisdiction with unclean hands; (2) Plaintiff's alleged emotional and psychological injuries are causally related to the guilt, shame, and anxiety he experienced—and previously expressed in text messages—over sexually assaulting Roe; (3) Plaintiff filed his complaint against Roe in good faith, as required under ERAU's Resolution Process; (4) Plaintiff and Roe were "similarly situated"; and (5) Plaintiff's account of his sexual encounter with Roe is consistent with statements he made at the time about the incident. These issues have bearing on Plaintiff's credibility, ERAU's defenses, the merits of Plaintiff's claims, and Plaintiff's potential remedies.

Furthermore, discovery efforts are proportional to the needs of the case. Plaintiff's factual knowledge about the underlying incident is necessary for ERAU's position on why it handled the

---

[1] ERAU attempted to resolve this dispute through Rule 37 Correspondence dated 2/11/21, 2/16/21, and 2/17/21 attached as composite **Exhibit 3**.

investigation as it did. ERAU cannot properly defend itself without such information, and ERAU cannot discover it through other sources.

Plaintiff seeks substantial injunctive relief and damages. There are already strong safeguards in place to protect Plaintiff's privacy interests, including this Court permitting him to litigate under a pseudonym, the parties' confidentiality agreement, and the Court's protective order. [Docs. 10,62-63.]

This Court should compel Plaintiff to provide full responses to Interrogatories 1-10;17, RPDs 3-9;14-16, and to answer questions about the underlying incident at his deposition.

Nelson Mullins Broad & Cassel

By: /s/ Shaina Stahl
Shaina Stahl
Florida Bar No. 77643
390 N. Orange Avenue, Suite 1400
Orlando, FL 32801
(407) 839-4200
shaina.stahl@nelsonmullins.com

Daniel A. Cohen
(*Pro Hac Vice*)
Jeffrey R. Daniel
(*Pro Hac Vice*)
Nelson Mullins Riley & Scarborough LLP
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000
dan.cohen@nelsonmullins.com
jeff.daniel@nelsonmullins.com

*Attorneys for Embry-Riddle Aeronautical University, Inc.*

- 4 -

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)**

I hereby certify that on February 17, 2021, I conferred with Plaintiff's counsel, Joshua Engel, Esq., regarding the relief requested in this motion. The parties were not able to reach an agreement on this motion and Plaintiff's counsel opposes the Motion.

                                           */s/ Shaina Stahl*
                                           Shaina Stahl
                                           Florida Bar No. 77643
                                           390 N. Orange Avenue, Suite 1400
                                           Orlando, FL 32801
                                           (407) 839-4200
                                           shaina.stahl@nelsonmullins.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of February, 2021, I served the within and foregoing DEFENDANT EMBRY-RIDDLE AERONAUTICAL UNIVERSITY, INC.'S MOTION TO COMPEL DISCOVERY OF INCIDENT UNDERLYING THIS LITIGATION via CM/ECF, which will send a copy to the addressees listed below:

| | |
|---|---|
| Lori A. Sochin, Esq.<br>Lori A. Sochin, P.A.<br>2525 Ponce de Leon Blvd., Suite 300<br>Coral Gables, FL 33134<br>lori@sochinlaw.com<br>*Attorneys for Plaintiff* | Joshua Engel, Esq.<br>Anne Tamashasky, Esq.<br>Engel & Martin LLC<br>4660 Duke Drive, Suite 101<br>Mason, OH 45040<br>engel@engelandmartin.com<br>tamashasky@engelandmartin.com<br>*Attorneys for Plaintiff* |

                                                                                                    */s/ Shaina Stahl*
                                                                                                    Attorney