

**Joshua Engel,** Partner
**Jim Hardin,** Partner
**Mary Martin,** Partner
**Anne Tamashasky,** Of Counsel

February 12, 2021

**<u>Via Email Only</u>**
Shaina Stahl
NELSON MULLINS BROAD & CASSEL
390 N. Orange Avenue, Suite 1400
Orlando, FL 32801

Daniel A. Cohen
Jeffrey R. Daniel
Nelson Mullins Riley & Scarborough LLP
201 17th Street NW, Suite 1700
Atlanta, GA 30363

   Re: *Doe v. Embry-Riddle Aeronautical University*
      M.D. Fl. Case Number 6:20-cv-01220-WWB-LRH

Dear Counsel:

  This letter is intended to begin the conferral process under Fed. R. Civ. P. 37 and applicable Local Rules in regard to Plaintiff's deposition.

  We are checking on Plaintiff's availability on March 5, 2021. I am optimistic this date will work.

  We will respond to outstanding discovery requests in accordance with the applicable Federal Rules of Civil Procedure and Local Rules.

  We ask that you agree to not ask any questions regarding Plaintiff's prior sexual activity, including his sexual activity with Jane Roe. Federal Rule of Civil Procedure 26(c) provides that a party may seek a protective forbidding inquiry into certain matters, or limiting the scope of discovery to certain matters, in order to avoid "annoyance, embarrassment, oppression." Questions should be limited to the School's investigative process and the statements made by students to school officials. This limitation is necessary to afford John Doe, who claimed to be a victim of sexual misconduct protection against the unnecessary invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details. This will also prevent against the infusion of sexual innuendo into the fact finding process.

  In making this request, I note that these topics are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. As we noted in responses to discovery:

> Plaintiff alleges that the school engaged in selective enforcement in violation of Title IX and that the school breached certain contractual obligations related to the investigatory and disciplinary process. A selective enforcement claim "asserts that, regardless of the student's guilt or innocence, the severity of the penalty and/or decision to initiate the proceeding was affected by the student's gender." *Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2d Cir. 1994) (emphasis supplied). The breach of contract claims in this matter focus on bias or other procedural flaws in the investigation. *See* Amended Complaint ¶87. The actual "guilt" or "innocence" of Plaintiff in terms of the allegations that he sexually assaulted Jane Roe is, thus, not relevant. *See Doe v. Brown Univ.*, 210 F. Supp. 3d 310, 313 (D.R.I. 2016) ("It is not the Court's role to determine the facts of what happened between" accused student and alleged victim of sexual assault); *Yu v. Vassar Coll.*, 97 F. Supp. 3d 448, 461 (S.D.N.Y. 2015) ("The Court's role, of course, is… [not] to retry disciplinary proceedings"); *Gomes v. Univ. of Maine Sys.*, 365 F. Supp. 2d 6, 14 (D. Me. 2005) (not the court's task "to make an independent determination about" the underlying events).

We remain willing to discuss this matter further with you via a phone or video conference prior to seeking the assistance of the Court.

Thank you for your attention to this matter. If you have any questions or concerns please do not hesitate to give me a call.

Sincerely,

Joshua Engel

cc:    All Counsel



**NELSON MULLINS BROAD & CASSEL**
ATTORNEYS AND COUNSELORS AT LAW

Shaina Stahl
(407) 839-4237
shaina.stahl@nelsonmullins.com

390 North Orange Avenue, Suite 1400
Orlando, FL 32801
T 407.839.4200  F 407.425.8377
nelsonmullins.com

February 15, 2021

Joshua Engel, Esq.
Engel & Martin, LLC
4660 Duke Drive
Suite 101
Mason, OH 45040

RE:   *Doe v. Embry-Riddle Aeronautical University*; In the United States District Court, Middle District of Florida, Orlando Division; Civil Action No. 6:20-cv-01220-WWB-LRH

Josh,

    I write in response to your Rule 37 letter dated February 12, 2021 regarding the scope of Plaintiff's deposition. In that letter, you object to any questions relating to Plaintiff's prior sexual activity. Though we currently have no interest in deposing Plaintiff on his sexual activity outside of the underlying incident, we ask you to reconsider your position regarding discovery related to his sexual history with Jane Roe. The discovery rules do not permit Plaintiff to unilaterally narrow the scope of discovery only to issues he considers directly relevant to his claims.

    Rather, ERAU "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b)(1). Proportionality is based on "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

    Facts about the underlying incident obviously are not privileged, and they are relevant to numerous key issues in this litigation, including, but not limited to: (1) whether Plaintiff invokes the Court's equitable jurisdiction with unclean hands; (2) whether Plaintiff's alleged emotional and psychological injuries are causally related to the guilt, shame, and anxiety he experienced—and previously expressed in text messages—over sexually assaulting Jane Roe; (3) whether Plaintiff filed his complaint against Jane Roe in good faith; (4) whether Plaintiff and Jane Roe were in fact "similarly situated"; and (5) whether Plaintiff's account of his sexual encounter with Jane Roe is consistent with statements he made to others about the incident. These issues have bearing on ERAU's defenses, the merits of Plaintiff's selective enforcement and contract claims, and whether he is entitled to legal or equitable relief. In your letter, you cite no legal authority stating that a plaintiff-respondent may avoid discovery into his underlying sexual misconduct simply by abandoning an erroneous outcome claim.

    Furthermore, all of Rule 26's proportionality factors support allowing discovery into the alleged sexual activity between Plaintiff and Jane Roe. As discussed above, your client's factual

Josh Engel, Esq.
February 15, 2021
Page | 2

_____

testimony about the underlying incident is highly relevant to several critical issues in this litigation. ERAU may not discover such information through any means other than deposing your client. Your client seeks substantial injunctive relief and damages. Moreover, there are strong safeguards in place to protect your client's alleged privacy interests, including the Court permitting him to litigate under a pseudonym, the parties' confidentiality agreement, and the Court's protective order.

As you know, we are required to discuss this matter further over the phone before involving the Court. In hopes of resolving this issue as expeditiously as possible, please let us know your availability for a phone call on Tuesday, February 16th or Wednesday, February 17th.

        Very truly yours,

        *Shaina Stahl*

        Shaina Stahl

SS/jw

cc:     Jeffrey R. Daniel, Esq.