IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>v.<br><br>EMBRY-RIDDLE AERONAUTICAL UNIVERSITY, INC.<br><br>Defendant | Case No. 6:20-cv-01220-WWB-LRH<br><br>Judge: BERGER<br><br>RESPONSE IN OPPOSITION TO MOTION TO COMPEL |

Plaintiff John Doe respectfully submit this Response to the Motion to Compel by Defendant Embry-Riddle Aeronautical University ("ERAU").

ERAU should be prohibited from seeking irrelevant discovery regarding Plaintiff's prior sexual activity, including his sexual activity with Jane Roe. This Court should Order that discovery be limited to the School's investigative process.

This Motion is made in accordance with the Court's Standing Order on Discovery Motions (Doc#21).[1]

---

[1] Plaintiff is able to provide additional briefing if the Court believe it would be beneficial. See Order (Doc#21) ¶7.

1

## DISCOVERY REQUESTS AT ISSUE

This Motion concerns Requests for Production of Documents, Interrogatories, and Requests for Admissions. The discovery requests from Plaintiff are attached to Defendant's Motion. Plaintiff's responses and objections accompany this Response.

## CERTIFICATION OF CONFERRAL BETWEEN PARTIES AND THE GOOD FAITH EFFORTS OPF THE PARTIES TO NARROW THE ISSUES

The parties have engaged in substantial discussions about this issue, a telephone call on February 17, 2021 and correspondence. A February 11, 2021 Letter from Defendant's Counsel,[2] a February 16, 2021 Response from Plaintiff's Counsel, and a February 17, 2021 Letter from Defendants Counsel accompany this Response.

Plaintiff represents that all sides made a good faith effort to narrow the issues before the Court but have been unable to reach resolution of this issue.

Plaintiff observes that Defendant has not sought expenses pursuant to Fed. R. Civ. P. 37(a)(5). Plaintiff is also not seeking such an award. Plaintiff believes that the positions of both parties on this issue are substantially justified and the circumstances would make an award of expenses unjust.

---

[2] The Letter is incorrectly dated January 11, 2021. The Letter was delivered by email on February 11, 2021.

# ARGUMENT

## A. Standard

The right to discovery under Rule 26(b)(1) is not unlimited and does have "ultimate and necessary boundaries." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).

## B. The Underlying Incident Is Irrelevant

This case concerns whether ERAU complied with Federal law and its contractual obligations in the investigation of claims that Plaintiff violated a sexual misconduct policy.[3] Defendant sees this case as an opportunity to re-litigate whether Plaintiff committed sexual misconduct and seeks discovery into the "facts surrounding the incident" – including intimate details of the sexual encounter between two young adults that ultimately led to the investigation. PageID#502. Defendant, without citation, asserts relevance; a review of Plaintiff's claims shows otherwise.

Count I: Selective Enforcement. Plaintiff must demonstrate that a similarly-situated member of the opposite sex was treated more favorably. *Doe v. Rollins College*, 352 F. Supp. 3d 1205, 1207 (M.D.Fla. 2019). This Court and the Eleventh Circuit have followed the Second Circuit's decision in *Yusuf v. Vassar College*, 35 F.3d 709, 715 (2d Cir. 1994). A Selective Enforcement claim is focused exclusively

---

[3] Defendant disturbingly asserts that Plaintiff committed a "sexual assault." PageID#510. Plaintiff was never charged with a crime.

on the actions of the educational institution *after the report of the alleged misconduct.* The relevant discovery for such a claim, thus, is limited to what the school knew and what it did; whether the student actually committed misconduct has no bearing on this claim. *Yusuf*, 35 F.3d at 715 (claim is "regardless of the student's guilt or innocence").[4] Another Court explained:

> The Plaintiffs' claims against the University are grounded primarily upon the manner in which the University officials conducted the process leading to its conclusion that the Plaintiffs had violated the University's Code of Conduct and its imposition of sanctions…
>
> This Court is not asked to make an independent determination as to what happened between the Plaintiff… and the [alleged victim]…

*Doe v. Univ. of the South*, 687 F.Supp.2d 744, 755 (E.D.Tenn. 2009).

Count II: breach of contract. *See* Plaintiff's Motion for a Protective Order. (Doc#71.)

Defendant presents, without citations, five reasons why this discovery is relevant. Reasons Nos. (1) and (2) are addressed in Plaintiff's Motion for Protective Order. Doc#71, PageID#576. Reasons Nos. (3), (4), and (5) are, essentially, different ways of arguing that the decision by the school was 'correct.' The flaw in Defendant's reasoning is easy to see: suppose discovery produces convincing evidence that Plaintiff is "guilty." Plaintiff's claims *would still survive unchanged.*

---

[4] The related, but distinct, Title IX erroneous outcome claim asserts "that the plaintiff was innocent and wrongly found to have committed an offense." *Yusuf*, 35 F.3d at 715. Plaintiff has not brought such a claim. PageID#392.

4

Such evidence would show that the school reached the "right result," but would not shed any light on the means the school used to reach that decision. *See supra.* *Cf. Carey v. Piphus*, 435 U.S. 247, 265-66 (1978) (due process claim by students survived "[e]ven if [the students'] suspensions were justified…").

## CONCLUSION

This Motion should be denied.

FOR PLAINTIFF:

/s/ Joshua Engel
JOSHUA ADAM ENGEL (OH 0075769)
    (TRIAL COUNSEL)
    *Pro hac vice*
ANNE TAMASHASKY (OH 0064393)
    *Pro hac vice*
ENGEL AND MARTIN, LLC
4660 Duke Drive, Ste. 101
Mason, OH 45040
(513) 445-9600
(513) 492-8989 (Fax)
engel@engelandmartin.com

Lori A. Sochin (FL 013048)
LUBELL | ROSEN
1 Alhambra Plaza, Suite 1410
Coral Gables, FL 33134
(305) 655-3425
(305) 442-9047
las@lubellrosen.com

## CERTIFICATE OF SERVICE

This certifies that the foregoing was filed electronically on February 21, 2021.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

____/s/ Joshua Engel_____
Joshua Adam Engel (Ohio No. 0075769)
*pro hac vice*

## CERTIFICATION OF COUNSEL

Pursuant to Local Rule 3.01(g) and Fed R. Civ. P. 37(a)(1), the undersigned counsel certifies that before filing this Motion counsel conferred with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion and obtain the relief sought without court action.  Defendant opposes this Motion.

Pursuant to this Court's Standing Order on Discovery Motions (Doc#21), the Argument section of this Motion consists of 494 words as counted by Microsoft Word.

____/s/ Joshua Engel_____
Joshua Adam Engel (Ohio No. 0075769)
*pro hac vice*
