# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOHN DOE,**

        **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　　**Case No: 6:20-cv-1220-WWB-LRH**

**EMBRY-RIDDLE AERONAUTICAL UNIVERSITY, INC.,**

        **Defendant.**

# ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION TO COMPEL DISCOVERY OF INCIDENT UNDERLYING THIS LITIGATION (Doc. 70)** |
| **FILED:** | **February 17, 2021** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (Doc. 71)** |
| **FILED:** | **February 17, 2021** |

**THEREON** it is **ORDERED** that the motion is **GRANTED IN PART** and **DENIED IN PART**.

**I.**     **Background**

The Plaintiff filed this action anonymously against Defendant Embry-Riddle Aeronautical University, Inc. ("Defendant"), where, at the time he filed his complaint, he was a student. (Doc.

1).  The case stems from the Defendant's decision to impose disciplinary sanctions against the Plaintiff for alleged sexual misconduct with another student, Jane Roe, on October 26, 2019 following a Halloween Party.  (*Id.*).  The Plaintiff claims that during the Defendant's disciplinary proceedings it selectively enforced its sexual assault policies based on gender in violation Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681 *et seq.* ("Count I").  (*Id.* at 15-21).  The Plaintiff also claims that the Defendant breached its "Sexual Misconduct Policy" (Count II).  (*Id.* at 21-31).  As a result of these actions, the Plaintiff claims that he suffered "diminished earnings capacity, lost career and business opportunities, litigation expenses including attorney fees, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages[.]"  (*Id.* at 21, 31).  The Plaintiff therefore seeks both injunctive and compensatory relief.  (*Id.* at 32).

The case proceeded in the normal course, with a discovery deadline of March 8, 2021. (Docs. 54; 74).  On February 17, 2021, the parties filed competing discovery motions.  First, the Defendant filed a motion to compel the Plaintiff to respond to Interrogatories 1-10 and 17 and Requests for Production 3-9 and 14-16, which it previously served on Plaintiff.  (Doc. 70 "("Motion to Compel")).  Each of the interrogatories and requests at issue are directed towards discovering information about the Plaintiff's sexual encounter with Jane Roe that forms the basis of this lawsuit. (*See* Docs. 70-1; 70-2).  The Defendant also asks that the Plaintiff be compelled to answer questions about his sexual encounter with Jane Roe during his upcoming March 5, 2021 deposition.  (Doc. 70 at 2).  Second, the Plaintiff filed a motion for protective order, requesting that the Court preclude the Defendant from asking him any questions about his prior sexual history, including his sexual history with Jane Roe and in particular, the incident in question, at his upcoming deposition.  (Doc.

71 ("Motion for Protective Order")).[1]  The parties have timely responded to both motions (Doc. 75 (response to Motion to Compel); Doc. 76 (response to Motion for Protective Order)), and the matter is ripe for review.

## II.     Applicable Law

"The Federal Rules of Civil Procedure strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985).  To this end, the Federal Rules of Civil Procedure provide that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  "The proponent of a motion to compel discovery . . . bears the initial burden of proving that the information sought is relevant." *Creative Touch Interiors, Inc. v. Nicholson*, No: 6:14-cv-2043-Orl-40TBS, 2015 WL 5952986, at *2 (M.D. Fla. Oct. 13, 2015).

Discovery is not without limits.  A party or person from whom discovery is sought may seek a protective order protecting them from "annoyance, embarrassment, oppression, or undue burden or expense[.]"  Fed. R. Civ. P. 26(c)(1).  The party or person moving for a protective order must show "good cause" exists for the court to issue such an order.  *Id*.  A showing of good cause "contemplates a particular and specific demonstration of fact as distinguished from stereotyped and

---

[1] The Plaintiff requested expedited consideration of the Motion for Protective Order.  (Doc. 71 at 1).

conclusory statements." *U.S. v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978).[2]  In addition to showing good cause, the moving party must show that, on balance, its interest in seeking the protective order outweigh the interests of the opposing party. *McCarthy v. Barnett Bank of Polk Cty.*, 876 F.2d 89, 91 (11th Cir. 1989).

**III.    Discussion**

The parties seek different forms of relief on the same issue – whether the Defendant is entitled to discover facts about the Plaintiff's relationship with Jane Roe and, in particular, the sexual encounter with Jane Roe that forms the basis of this lawsuit.  (*See* Docs. 70-71).  Accordingly, the Court will address the Motion to Compel and Motion for Protective Order together.

The Plaintiff argues that information about his relationship with Jane Roe, including his sexual history with her up through the incident in question, is not relevant to his claims against the Defendant.  (*See* Docs. 71; 75).  Specifically, the Plaintiff contends that a claim for selective enforcement under Title IX focuses solely on the Defendant's disciplinary actions – not on his guilt or innocence – and therefore any discovery about his sexual encounter with Jane Roe has no bearing on whether the Defendant violated Title IX.  (Docs. 71 at 3 (citing *Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2d Cir. 1994)); 75 at 3-4).  Similarly, the Plaintiff contends that discovery about his sexual encounter with Jane Roe bears no relevance to whether the Defendant violated its own Sexual Misconduct Policy, nor is it relevant to whether the Plaintiff is entitled to injunctive and compensatory relief.  (Docs. 71 at 3-4; 75 at 4-5).  Accordingly, the Plaintiff argues that the Defendant should not be permitted to conduct any discovery – written or oral – into his sexual

---

[2] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

history with Jane Roe or anyone else.[3]  Rather, the Plaintiff requests that deposition questions "should be limited to the School's investigative process and the statements made by students to school officials."  (Doc. 71 at 1).

The Defendant, as an initial matter, clarifies that "it has no interest in questions related to Plaintiff's *prior* sexual activity other than what directly happened in *this case*."  (Doc. 76 at 1) (emphasis in original).  With this clarification, the Defendant contends that discovery of the facts surrounding the incident between the Plaintiff and Jane Roe is relevant to whether: 1) the Plaintiff can invoke the Court's equitable powers; 2) the Plaintiff's emotional and psychological injuries are causally related to the guilt, shame, and anxiety he experienced because of his sexual encounter with Jane Roe; 3) the Plaintiff filed his complaint against Jane Roe in good faith, as required under the Defendant's Resolution Process; 4) the Plaintiff and Jane Roe were "similarly situated"; and 5) the Plaintiff's account of his sexual encounter with Jane Roe is consistent with statements he made at the time about the incident.  (Docs. 70 at 2-3; 76 at 2).  For these reasons, the Defendant argues that the Plaintiff should be compelled to both respond to the interrogatories and requests for production at issue, and to answer deposition questions relating to the Plaintiff's relationship with Jane Roe, as well as the alleged sexual misconduct which forms the basis of this lawsuit.  (Docs. 70 at 3; 76 at 2).

---

[3] The Court notes that the Plaintiff's arguments against the discovery sought by the Defendant rest solely on relevance.  The Plaintiff objected to the interrogatories and requests for production at issue on relevance grounds, as well as vagueness, undue burden, and the attorney-client and work-product privileges.  (Docs. 70-1; 70-2).  Since the Motion for Protective Order and the Plaintiff's response to the Motion to Compel focus solely on whether the information at issue is relevant, he has abandoned his other objections.  *See, e.g.*, *Jackson v. Geometrica, Inc.*, No. 3:04-cv-640-J-20HTS, 2006 WL 213860, at *1 (M.D. Fla. Jan. 27, 2006).  Accordingly, the Court will not consider those other objections.

The Defendant has the better argument, and the Court finds that the information sought is relevant. For example, to state a selective enforcement claim, the Plaintiff must prove that "a similarly-situated member of the opposite sex was treated more favorably than the plaintiff due to his or her gender." *Doe v. Rollins College*, 352 F. Supp.3d 1205, 1211 (M.D. Fla. 2019) (citations omitted). As the Defendant argues, discovery about the incident between the Plaintiff and Jane Roe may uncover evidence that the two were not similarly situated. Similarly, the discovery sought may be relevant to Plaintiff's claim that the Defendant breached its Sexual Misconduct Policy in various ways, including, but not limited to, using a biased investigator (Doc. 1 at ¶ 87(d)). Exploring the facts of the underlying incident would likely allow the Defendant to show that it gathered and considered all relevant evidence, thereby undermining the Plaintiff's claim of bias. Further, it is possible that the discovery at issue may prove relevant in determining whether the Plaintiff's alleged mental and emotional aguish was caused by his encounter with Jane Roe, rather than the Defendant's disciplinary process and decision. For these reasons, the Court finds that Defendant is entitled to discover information about the alleged sexual misconduct at issue in this case, as well as the Plaintiff's relationship with Jane Roe as it pertains to the incident in question, but nothing further. *See Doe v. Rollins College*, No. 6:18-cv-1069-Orl-37KRS, 2019 WL 11703980, at *2-3 (M.D. Fla. Feb. 27, 2019) (in a Title IX lawsuit alleging both an erroneous outcome claim and a claim for breach of contract based on purported violations of defendant's Sexual Misconduct Policy, the court determined that plaintiff's allegations that defendant breached its Policy by employing a biased investigator and basing its findings on insufficient evidence "dispute the sufficiency of the evidence against Plaintiff, and question how Defendant utilized the evidence in its investigation, [thus] the facts regarding the underlying incident are relevant to Plaintiff's claims.").

The Plaintiff's arguments to the contrary are unpersuasive. Notably, the Plaintiff has not cited a single decision reaching a contrary conclusion. (*See* Docs. 71; 75). Instead, the Plaintiff relies on several decisions for the proposition that the events giving rise to a school's disciplinary action has no bearing on selective enforcement and breach of contract claims. (Doc. 71 at 3-4 (citing *See Yusuf*, 35 F.3d at 715; *Doe v. Brown Univ.*, 210 F. Supp. 3d 310 (D.R.I. 2016); *Doe v. Brandeis Univ.*, 177 F. Supp. 3d 561, 608 (D.Mass. 2016); *Doe v. George Mason*, 179 F. Supp. 3d 583, 587-88 (E.D. Va. 2016))). These decisions, however, are inapposite, because they do not address the appropriate scope of discovery in cases involving such claims, but instead address the merits of the claims themselves. (*Id.*). The question before the Court is not whether the information the Defendant seeks will ultimately "win the day" at summary judgment or trial; but merely whether – under the exceedingly broad relevancy standards of Fed. R. Civ. P. 26(b) – the information could be relevant to any party's claim or defense. *See also* Fed. R. Civ. P. 26(b) ("Information within this scope of discovery need not be admissible in evidence to be discoverable.").

Further, the issues for which the Defendant seeks discovery are proportional to the needs of the case. The Defendant has agreed to limit its discovery requests and deposition questioning to the sexual encounter between the Plaintiff and Jane Roe that forms the basis of this case, as well as the relationship between the Plaintiff and Jane Roe as it pertains to that encounter. In other words, the Defendant is not seeking discovery about the Plaintiff's sexual history as a whole. This targeted discovery seems both appropriate and proportional. And with respect to any confidentiality issues the Plaintiff may have, he has already been granted leave to proceed anonymously (Doc. 44), the parties have entered into an approved confidentiality agreement, (Docs. 62-63), and they are free to enter into any additional confidentiality agreements, if necessary.

IV. Conclusion

Accordingly, it is **ORDERED** that:

1. The Motion to Compel (Doc. 70) is **GRANTED**.

2. The Motion for Protective Order (Doc. 71) is **GRANTED IN PART** and **DENIED IN PART**.

3. **On or before 5:00 p.m. on March 3, 2021**, the Plaintiff shall serve the Defendant with the following:

   a. Complete answers to Interrogatories 1-10 and 17; and

   b. All materials responsive to Requests for Production 3-9 and 14-16.

4. During the Plaintiff's deposition, the Defendant may ask him questions about the sexual encounter with Jane Roe that gave rise to this case, as well as the Plaintiff's relationship with Jane Roe as it relates to that encounter. The Defendant is otherwise **PROHIBITED** from asking the Plaintiff any questions about his sexual history.[4]

**DONE** and **ORDERED** in Orlando, Florida on February 24, 2021.

_____
LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[4] Neither party requests an award of attorney fees and costs for bringing the motions. (Docs. 70; 71). Notwithstanding this fact, the Court has considered whether attorney's fees and costs should be awarded to either party pursuant to Federal Rule of Civil Procedure 37(a)(5). Upon consideration, the Court finds the unique circumstances of this discovery dispute do not warrant an award of attorney's fees and costs to either party.