UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN DOE,

        Plaintiff,

v.     Case No: 6:20-cv-1220-WWB-LRH

EMBRY-RIDDLE AERONAUTICAL
UNIVERSITY, INC.,

        Defendant.
                                        /

## ORDER

THIS CAUSE is before the Court on Defendant's Motion to Dismiss (Doc. 56) and Plaintiff's Response (Doc. 58). For the reasons set forth below, Defendant's Motion will be denied.

**I.    BACKGROUND**

As alleged in the Complaint (Doc. 1), Plaintiff[1] was a student at Defendant Embry-Riddle Aeronautical University, Inc. ("**ERAU**"), where he was studying to become a pilot and participated in athletics. (Doc. 1, ¶ 3). While he was enrolled at ERAU, Plaintiff invited a fellow student, Jane Roe, to attend a party at his residence on October 26, 2019. (*Id.* ¶ 12). When Roe arrived at the party, Plaintiff was intoxicated, having consumed approximately fifteen drinks that evening. (*Id.*). Both Plaintiff and Roe consumed alcohol at the party. (*Id.*). At some point in the evening, Plaintiff and Roe entered Plaintiff's

---

[1] Due to the sensitive nature of the allegations and underlying facts, the Court has granted Plaintiff leave to proceed by pseudonym in this case. (Doc. 44 at 3–4).

bedroom, where he alleges that Roe initiated sexual activity and the two had sexual intercourse. (*Id.*).

In November 2019, Plaintiff was informed by ERAU's Title IX Coordinator that Roe had alleged that she was incapacitated due to alcohol use at the time of the encounter, rendering the sexual intercourse non-consensual. (*Id.* ¶¶ 17–18). During his initial meeting with the Coordinator, Plaintiff alleges that he informed her that he was also intoxicated at the time of the encounter, but that his statement was not taken seriously. (*Id.* ¶ 18). Plaintiff again raised his own intoxication to ERAU's investigator on November 19, 2019, and indicated that he wished to pursue a complaint against Roe, but he was discouraged from making such a filing. (*Id.* ¶ 22). Shortly thereafter, Plaintiff was suspended from his athletic team. (*Id.* ¶ 19).

Plaintiff and Roe attempted an informal resolution in December 2019, but when it proved unsuccessful Roe requested to move forward with a formal investigation in January 2020. (*Id.* ¶¶ 23–24). On January 10, 2020, Plaintiff made a formal report of sexual misconduct against Roe. (*Id.* ¶ 26). On March 24, 2020, ERAU issued an Outcome Letter stating that Plaintiff was found to have violated the school's Civil Rights Equity & Sex / Gender Based Harassment, Discrimination, and Sexual Misconduct Policy ("**Sexual Misconduct Policy**," Doc. 1-5) and that he would be dismissed from the school at the conclusion of the semester. (Doc. 1, ¶ 35). The letter did not address Plaintiff's claims of misconduct against Roe. (*Id.*).

Plaintiff appealed the decision and the Title IX Coordinator for Defendant's Arizona campus found that Plaintiff had presented evidence that the investigator demonstrated bias in his case. (*Id.* ¶¶ 36–39). A new investigator was assigned to review the case, and

on June 10, 2020, a new Outcome Letter was issued. (*Id.* ¶ 41). The June 10, 2020 Outcome Letter was substantially similar to the March 24, 2020 Outcome Letter, but also dismissed Plaintiff's claims against Roe, finding that he could not have been intoxicated because "he was able to maintain an erection and ejaculate." (*Id.* (quoting Doc. 1-4 at 3)). As a result, Plaintiff filed a two-count Complaint against ERAU alleging a selective enforcement claim under Title IX of the Education Amendments of 1972 ("**Title IX**"), 20 U.S.C. § 1681 *et seq.*, and breach of contract. (*See generally* Doc. 1).

## II.   LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

3

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. DISCUSSION

Defendant argues that both counts of Plaintiff's Complaint must be dismissed for failure to state a claim and also that Plaintiff lacks standing to pursue injunctive relief in this case.

#### A. Consideration of Evidence Outside the Complaint

Defendant asks this Court to consider a number of text messages between Plaintiff and Roe leading up to, during, and after the October 26, 2019 incident. (Doc. 56-1). It is well-settled that a "court is ordinarily barred from considering facts not alleged in the complaint or documents attached to a motion to dismiss." *Roberts v. Carnival Corp.*, 824 F. App'x 825, 826 (11th Cir. 2020). Nevertheless, the Court may consider a document that is attached to a motion to dismiss if it is "referred to in the complaint, central to the plaintiff's claim, and of undisputed authenticity." *Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018). "In this context, 'undisputed' means that the authenticity of the document is not challenged." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). "In determining whether a document is central to the plaintiff's case, the court asks 'whether the plaintiff would have to offer the document to prove his case.'" *Miranda v. Ocwen Loan Servicing, LLC*, 148 F. Supp. 3d 1349, 1353 (S.D. Fla. 2015) (quoting *Lockwood v. Beasley*, 211 F. App'x 873, 877 (11th Cir. 2006)).

In the Motion, Defendant simply quotes this standard—without one vital element—in a footnote without further explanation or elaboration on why the exception should apply in this case. In the Response, Plaintiff argues, also in a footnote, that the text messages

are not central to his claim and disputes the authenticity of the messages used to support the Motion to Dismiss. (Doc. 58 at 10 n.5). As an initial matter, the parties are cautioned that this Court strongly disfavors the use of footnotes to raise substantive issues and arguments. The Court is not required to, and will not, consider arguments raised solely in footnotes in the future. Furthermore, the Court is not convinced that it may properly consider the text messages in resolving the Motion to Dismiss. Although the messages are referenced in the Complaint, (Doc. 1, ¶ 12), it is not clear that they are central to Plaintiff's claims. Here, Plaintiff is not challenging ERAU's determination on the merits. Rather, he is arguing that ERAU treated him differently as a result of his gender. Thus, it is not clear that the text messages, which would appear to be directed to the question of the merits of Defendant's decision, would be necessary in proving Plaintiff's case on disparate treatment. Additionally, Plaintiff has, albeit in a perfunctory manner, disputed the authenticity of the text messages. Therefore, the Court will not consider the text messages in resolving the Motion to Dismiss.

    **B.    Count I – Selective Enforcement**

Defendant argues that Plaintiff's selective enforcement claim fails because he has not pleaded facts showing that Roe is a sufficient comparator, that she was treated more favorably by ERAU, or that ERAU lacked a legitimate, non-discriminatory reason for any differential treatment.[2] Pursuant to Title IX, "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected

---

[2] Defendant also argues that Count I should be dismissed to the extent that Plaintiff alleges an erroneous outcome claim. However, Count I does not purport to allege such a claim and Plaintiff has expressly stated that he is not pursuing such a claim. (Doc. 58 at 6–7, 13). Thus, Defendant's arguments in this regard will be denied without further discussion.

to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). "Although Title IX does not expressly permit private enforcement suits, the Supreme Court has found an implied private right of action for individuals to enforce the mandates of Title IX." *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1293 (11th Cir. 2007). This includes selective enforcement claims, in which the plaintiff alleges "that, guilt or innocence aside, the student's gender affected the penalty imposed, the decision to initiate the proceeding, or both."; *Doe v. Lynn Univ., Inc.*, 224 F. Supp. 3d 1288, 1291 (S.D. Fla. 2016) (citing *Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2d Cir. 1994)).

"Neither the Supreme Court nor [the Eleventh Circuit] has established a framework for analyzing Title IX challenges to university disciplinary proceedings." *Doe v. Valencia Coll.*, 903 F.3d 1220, 1236 (11th Cir. 2018). However, a number of courts in this Circuit have adopted the following pleading standard for selective enforcement claims: "To state a Selective Enforcement claim, Plaintiff must allege sufficient facts to permit the plausible inference that a similarly-situated member of the opposite sex was treated more favorably than the plaintiff due to his or her gender." *Doe v. Rollins Coll.*, 352 F. Supp. 3d 1205, 1211 (M.D. Fla. 2019) (quotation omitted); *see also Whitaker v. Bd. of Regents of Univ. Sys. of Ga.*, No. CV 118-141, 2020 WL 4939118, at *3 (S.D. Ga. Aug. 24, 2020); *Doe v. Univ. of S. Ala.*, No. 17-0394-CG-C, 2020 WL 759895, at *12 (S.D. Ala. Feb. 14, 2020). Here, Plaintiff alleges that the evidence collected during ERAU's investigations could have supported a finding that Roe also violated ERAU's Sexual Misconduct Policy but, despite this evidence, ERAU discouraged Plaintiff from filing a formal complaint against Roe, failed to conduct a full and fair investigation against Roe after Plaintiff filed a formal

complaint, and failed to remove Roe from her sports team pending investigation of Plaintiff's complaint. At this stage of the proceedings, Plaintiff's allegations are sufficient to allege a selective enforcement claim. *See Doe v. Rollins*, 352 F. Supp. 3d at 1211–12.

Defendant's arguments to the contrary rely on the burden shifting framework used under Title VII. At the outset, there is, at the very least, a question as to the applicability of this standard to Title IX selective enforcement claims. *See Doe v. Rollins Coll.*, No. 6:18-cv-1069-Orl-37LRH, 2020 WL 8409325, at *6 (M.D. Fla. July 13, 2020). Defendant fails to address or distinguish this authority in its Motion. Moreover, even if the *McDonnell Douglas*[3] standard applied, Defendant's arguments are premature. As the Supreme Court and Eleventh Circuit have repeatedly admonished, "the *McDonnell Douglas* burden-shifting framework is an *evidentiary* standard, not a pleading standard, and is applicable at summary judgment rather than the pleading stage." *Lowe v. Delta Air Lines Inc.*, 730 F. App'x 724, 730 n.2 (11th Cir. 2018). Rather, at the pleading stage, the plaintiff need only "allege[] facts adequate to raise h[is] right to relief above a speculative level." *Buchanan v. Delta Air Lines, Inc.*, 727 F. App'x 639, 642 (11th Cir. 2018). As set forth above, Plaintiff has pleaded enough facts to raise his right to relief above a speculative level. Therefore, Defendant's Motion is due to be denied with respect to Count I.

### C.   Count II – Breach of Contract

Defendant also moves to dismiss Count II for breach of contract. To allege a claim for breach of contract under Florida law, the plaintiff must allege "(1) a valid contract; (2) a material breach; and (3) damages." *Beck v. Lazard Freres & Co.*, 175 F.3d 913, 914 (11th Cir. 1999). Defendant does not dispute that the Sexual Misconduct Policy and Civil

---

[3] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

7

Rights Equity & Sex/Gender-Based Harassment, Discrimination, and Sexual Misconduct Resolution Process ("**Resolution Process**," Doc. 1-6) constitute valid contracts or that Plaintiff has alleged damages. Rather, Defendant argues that Plaintiff has failed to specify any express provisions of the contract that Defendant has allegedly breached.

Contrary to Defendant's arguments, Plaintiff has cited specific provisions of both documents in support of his breach of contract claim. First, Plaintiff cites section III of the Sexual Misconduct Policy, which he argues limits ERAU's enforcement to on-campus conduct. (Doc. 1-5 at 5). Plaintiff further alleges that the conduct for which he was punished by ERAU occurred off-campus. Thus, Plaintiff argues that Defendant breached its Sexual Misconduct Policy. In an attempt to overcome Plaintiff's clear allegation, Defendant instead directs this Court to other provisions of the Sexual Misconduct Policy and asks this Court to engage in contract interpretation. Because Plaintiff has offered a reasonable reading of the Sexual Misconduct Policy, the Court may not engage in interpretation at this point in the proceedings. *See Martinair Holland, N.V. v. Benihana, Inc.*, 780 F. App'x 772, 775 (11th Cir. 2019) (citing *Alhassid v. Bank of Am., N.A.*, 60 F. Supp. 3d 1302, 1312–13 (S.D. Fla. 2014)). Second, Plaintiff explicitly cites sections III through VI of the Resolution Process for the proposition that ERAU is contractually bound to provide him with a fair and unbiased resolution of misconduct proceedings and alleges material facts as to how Defendant violated these express terms of the contract. (Doc. 1, ¶ 87 (citing Doc. 1-6)). Defendant's arguments regarding constitutional guarantees are, therefore, misplaced and arguments regarding the interpretation of those various provisions are premature. Thus, Defendant's Motion will also be denied with respect to Count II. *See Doe v. Rollins*, 352 F. Supp. 3d at 1212.

### D. Standing

Finally, Defendant argues that Plaintiff lacks standing to pursue injunctive relief if his breach of contract claim is dismissed. As set forth above, Plaintiff has adequately alleged a breach of contract claim. Therefore, Defendant's standing argument also fails.

### IV. CONCLUSION

For the reasons set forth herein, it is **ORDERED** and **ADJUDGED** that Defendant's Motion to Dismiss (Doc. 56) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on May 28, 2021.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record