UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN DOE,

        Plaintiff,

v.                                            Case No: 6:20-cv-1220-WWB-LRH

EMBRY-RIDDLE AERONAUTICAL
UNIVERSITY, INC.,

        Defendant.
_____/

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Motion for Preliminary Injunction (Doc. 85), Emergency Motion for Temporary Restraining Order (Doc. 134), and Defendant's responses (Doc. Nos. 111, 138) thereto. On September 2, 2021, this Court ordered the parties to supplement their motions and responses to inform the Court of the current status of their "Status Quo Agreement." (Doc. 135 at 1). Both parties timely responded. (Doc. Nos. 136, 137). Accordingly, Plaintiff's Motions are now ripe for resolution.

**I.  LEGAL STANDARDS**

Pursuant to Federal Rule of Civil Procedure 65(b), a district court may issue a temporary restraining order "without written or oral notice to the adverse party" if the requesting party provides "specific facts . . . [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." To obtain a temporary restraining order, the movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury

will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005).

"The grant or denial of a preliminary injunction is within the sound discretion of the district court[.]" *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). A district court may only grant injunctive relief if the moving party establishes: "(1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion' as to each of the four prerequisites." *Id.* (quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998)).

II.     DISCUSSION

Having considered the parties' arguments and evidence, the Court is satisfied that there is a substantial likelihood of success on the merits in this case. Nevertheless, Plaintiff has failed to establish that he will suffer irreparable harm if his motions are not granted. Specifically, in both motions, Plaintiff argues that he will suffer irreparable harm if he is not permitted to continue his education and to do so at his chosen institution of higher learning. (Doc. 85 at 18–19; Doc. 134 at 16–17). In its Response to Order (Doc. 137), Defendant has consented to permit Plaintiff to continue his education at Embry-

Riddle Aeronautical University via enrollment in online classes. (*Id.* at 1). Thus, Plaintiff may continue his education at his chosen institution.

Plaintiff argues, for the first time, in his Response to September 2, 2021 Order (Doc. 136) that online classes are not sufficient. (*Id.* at 1–3). Plaintiff's arguments were not raised in either of the initial motions and are, therefore, not properly before this Court. Moreover, even if the Court were to consider Plaintiff's arguments, he has not established that the online program does not offer any classes that would allow him to earn credits towards his chosen degree pending resolution of this case on the merits. A resolution, the Court notes, that was delayed at Plaintiff's request. (Doc. 130 at 1–2). Accordingly, to the extent that Defendant in fact permits Plaintiff to enroll in and attend online courses pending the resolution of this case, the Court finds that Plaintiff has not made a sufficient showing of irreparable harm to justify injunctive relief.

### III. CONCLUSION

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Motion for Preliminary Injunction (Doc. 85) is **DENIED**.
2. The Emergency Motion for Temporary Restraining Order (Doc. 134) is **DENIED**.
3. Per Defendant's consent, no later than **8 a.m. on September 8, 2021**, Defendant shall permit Plaintiff to enroll in online courses for the Fall 2021 semester through the Worldwide program. Defendant shall continue to permit Plaintiff to enroll in and attend such online courses pending resolution of this case on the merits. If Defendant fails to comply with this

3

Order, Plaintiff may file a renewed motion for preliminary injunction no later than seven days after any such violation of this Order.

**DONE AND ORDERED** in Orlando, Florida on September 7, 2021.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record