IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

JOHN DOE,

Plaintiff,

v.

EMBRY-RIDDLE AERONAUTICAL UNIVERSITY, INC.

Defendant.

Case No. 6:20-cv-01220-WWB-LRH

Judge: BERGER

OBJECTIONS TO DEFENDANT'S EXHIBIT LIST

| Ex. No. | Description | Objections |
|---|---|---|
| 1. | 7/9/20 Complaint (Doc. 1) (Impeachment purposes only) | This exhibit is hearsay prohibited by Rule 802. This exhibit is not a statement by a witness admissible under Rule 613(b) or an opposing party's statement admissible under Rule 801(d)(2). |
| 2. | 1/10/20 Complaint to the Title IX office (Exhibit A to Complaint – Doc. 1-1) | Needlessly cumulative under Rule 403 because offered as an exhibit by Plaintiff. |
| 3. | 3/24/20 Outcome Letter (Exhibit B to Complaint – Doc. 1-2 | Needlessly cumulative under Rule 403 because offered as an exhibit by Plaintiff. |
| 4. | 6/10/20 Reconsideration Letter (Exhibit D to Complaint – Doc. 1-4) | Needlessly cumulative under Rule 403 because offered as an exhibit by Plaintiff. |
| 5. | 2019-2020 ERAU Title IX Sexual Misconduct Policy (Exhibit E to Complaint – Doc. 1-5) | Needlessly cumulative under Rule 403 because offered as an exhibit by Plaintiff. |

1

| Ex. No. | Description | Objections |
|---|---|---|
| 6. | 2019-2020 ERAU Title IX Resolution Process (Exhibit F to Complaint – Doc. 1-6) | Needlessly cumulative under Rule 403 because offered as an exhibit by Plaintiff. |
| 7. | 10/6/20 Plaintiff's Initial Disclosures (Impeachment purposes only) | This exhibit is hearsay prohibited by Rule 802. This exhibit is not a statement by a witness admissible under Rule 613(b) or an opposing party's statement admissible under Rule 801(d)(2). <br><br> This exhibit is prohibited by Rule 403. The inclusion of legal objections means that the probative value is substantially outweighed by a danger of confusing the issues or misleading the jury. |
| 8. | 1/10/21 Plaintiff's Response to ERAU Requests for Admissions (Impeachment purposes only) | This exhibit is hearsay prohibited by Rule 802. This exhibit is not a statement by a witness admissible under Rule 613(b) or an opposing party's statement admissible under Rule 801(d)(2). <br><br> This exhibit is prohibited by Rule 403. The inclusion of legal objections means that the probative value is substantially outweighed by a danger of confusing the issues or misleading the jury. |
| 9. | 1/10/21 Plaintiff's Response to ERAU First Interrogatories (Impeachment purposes only) | This exhibit is prohibited by Rule 403. The inclusion of legal objections means that the probative value is substantially outweighed by a danger of confusing the issues or misleading the jury. <br><br> This exhibit is prohibited by Rule 403. The inclusion of legal objections means that the probative value is substantially outweighed by a danger of confusing the issues or misleading the jury. |

| Ex. No. | Description | Objections |
|---|---|---|
| 10. | 1/10/21 Plaintiff's Response to ERAU First Document Requests (Impeachment purposes only) | This exhibit is hearsay prohibited by Rule 802.  This exhibit is not a statement by a witness admissible under Rule 613(b) or an opposing party's statement admissible under Rule 801(d)(2).<br><br>This exhibit is prohibited by Rule 403.  The inclusion of legal objections means that the probative value is substantially outweighed by a danger of confusing the issues or misleading the jury. |
| 11. | 2/16/21 Plaintiff's Supplemental Response to ERAU First Document Requests (Impeachment purposes only) | This exhibit is hearsay prohibited by Rule 802.  This exhibit is not a statement by a witness admissible under Rule 613(b) or an opposing party's statement admissible under Rule 801(d)(2).<br><br>This exhibit is prohibited by Rule 403.  The inclusion of legal objections means that the probative value is substantially outweighed by a danger of confusing the issues or misleading the jury. |
| 12. | 3/3/21 Plaintiff's Amended Response to Interrogatories (Impeachment purposes only) | This exhibit is prohibited by Rule 403.  The inclusion of legal objections means that the probative value is substantially outweighed by a danger of confusing the issues or misleading the jury. |
| 13. | 3/3/21 Plaintiff's Second Amended Responses to First Set of Interrogatories (Impeachment purposes only) | This exhibit is prohibited by Rule 403.  The inclusion of legal objections means that the probative value is substantially outweighed by a danger of confusing the issues or misleading the jury. |

| Ex. No. | Description | Objections |
|---|---|---|
| 14. | 3/4/21 Plaintiff's Third Amended Response to First Set of Interrogatories (Impeachment purposes only) | This exhibit is prohibited by Rule 403. The inclusion of legal objections means that the probative value is substantially outweighed by a danger of confusing the issues or misleading the jury. |
| 15. | 3/8/21 Plaintiff's Response to Defendant's Second Requests for Admissions (Impeachment purposes only) | This exhibit is hearsay prohibited by Rule 802. This exhibit is not a statement by a witness admissible under Rule 613(b) or an opposing party's statement admissible under Rule 801(d)(2). This exhibit is prohibited by Rule 403. The inclusion of legal objections means that the probative value is substantially outweighed by a danger of confusing the issues or misleading the jury. |
| 16. | 3/8/21 Plaintiff's Response to Defendant's Second Set of Requests for Production Document (Impeachment purposes only) | This exhibit is hearsay prohibited by Rule 802. This exhibit is not a statement by a witness admissible under Rule 613(b) or an opposing party's statement admissible under Rule 801(d)(2). This exhibit is prohibited by Rule 403. The inclusion of legal objections means that the probative value is substantially outweighed by a danger of confusing the issues or misleading the jury. |
| 17. | 3/8/21 Plaintiff's Response to Defendant's Second Set of Interrogatories (Impeachment purposes only) | This exhibit is prohibited by Rule 403. The inclusion of legal objections means that the probative value is substantially outweighed by a danger of confusing the issues or misleading the jury. |

| Ex. No. | Description | Objections |
|---|---|---|
| 18. | ERAU Final Investigative Report (ERAU_003886 – ERAU_003950) (Doc. S-105) | Needlessly cumulative under Rule 403 because offered as an exhibit by Plaintiff. |
| 19. | Text Messages (PL 128-131) | Irrelevant under Rule 402 and likely to cause unfair prejudice under Rule 403. Evidence of the underlying "guilt" or "innocence" of John Doe is not relevant under the test set forth in *Yusuf v. Vassar College*, 35 F.3d 709, 715 (2d. Cir. 1994). *See* Pl. Motion *in limine* (Doc#140), *citing inter alia Doe v. Rollins College*, M.D.Fla. No. 6:18-cv-1069-RBD-LRH, 2021 U.S. Dist. LEXIS 114806 (Feb. 25, 2021) (cautioning a the school against "trying to turn this breach of contract trial into a sexual misconduct trial") |
| 20. | Photo from Plaintiff's cell phone (PL144) | Irrelevant under Rule 402 and likely to cause unfair prejudice under Rule 403. Evidence of the underlying "guilt" or "innocence" of John Doe is not relevant under the test set forth in *Yusuf v. Vassar College*, 35 F.3d 709, 715 (2d. Cir. 1994). *See* Pl. Motion *in limine* (Doc#140), *citing inter alia Doe v. Rollins College*, M.D.Fla. No. 6:18-cv-1069-RBD-LRH, 2021 U.S. Dist. LEXIS 114806 (Feb. 25, 2021) (cautioning a the school against "trying to turn this breach of contract trial into a sexual misconduct trial") |

| Ex. No. | Description | Objections |
|---|---|---|
| 21. | Photo from Plaintiff's cell phone (PL145) | Irrelevant under Rule 402 and likely to cause unfair prejudice under Rule 403. Evidence of the underlying "guilt" or "innocence" of John Doe is not relevant under the test set forth in *Yusuf v. Vassar College*, 35 F.3d 709, 715 (2d. Cir. 1994). *See* Pl. Motion *in limine* (Doc#140), *citing inter alia Doe v. Rollins College, M.D.Fla. No. 6:18-cv-1069-RBD-LRH, 2021 U.S. Dist. LEXIS 114806 (Feb. 25, 2021)* (cautioning a the school against "trying to turn this breach of contract trial into a sexual misconduct trial") |
| 22. | Photo from Plaintiff's cell phone (PL146) | Irrelevant under Rule 402 and likely to cause unfair prejudice under Rule 403. Evidence of the underlying "guilt" or "innocence" of John Doe is not relevant under the test set forth in *Yusuf v. Vassar College*, 35 F.3d 709, 715 (2d. Cir. 1994). *See* Pl. Motion *in limine* (Doc#140), *citing inter alia Doe v. Rollins College, M.D.Fla. No. 6:18-cv-1069-RBD-LRH, 2021 U.S. Dist. LEXIS 114806 (Feb. 25, 2021)* (cautioning a the school against "trying to turn this breach of contract trial into a sexual misconduct trial") |
| 23. | Photo from Plaintiff's cell phone (PL147) | Irrelevant under Rule 402 and likely to cause unfair prejudice under Rule 403. Evidence of the underlying "guilt" or "innocence" of John Doe is not relevant under the test set forth in *Yusuf v. Vassar College*, 35 F.3d 709, 715 (2d. Cir. 1994). *See* Pl. Motion *in limine* (Doc#140), *citing inter alia Doe v. Rollins College, M.D.Fla. No. 6:18-cv-1069-RBD-LRH, 2021 U.S. Dist. LEXIS 114806 (Feb. 25, 2021)* (cautioning a the school against "trying to turn this breach of contract trial into a sexual misconduct trial") |

| Ex. No. | Description | Objections |
|---|---|---|
| 24. | Photo from Plaintiff's cell phone (PL149) | Irrelevant under Rule 402 and likely to cause unfair prejudice under Rule 403. Evidence of the underlying "guilt" or "innocence" of John Doe is not relevant under the test set forth in *Yusuf v. Vassar College*, 35 F.3d 709, 715 (2d. Cir. 1994). *See* Pl. Motion *in limine* (Doc#140), *citing inter alia Doe v. Rollins College, M.D.Fla. No. 6:18-cv-1069-RBD-LRH, 2021 U.S. Dist. LEXIS 114806 (Feb. 25, 2021)* (cautioning a the school against "trying to turn this breach of contract trial into a sexual misconduct trial") |
| 25. | Video 1 (3/3/21 Doe Production) | Irrelevant under Rule 402 and likely to cause unfair prejudice under Rule 403. Evidence of the underlying "guilt" or "innocence" of John Doe is not relevant under the test set forth in *Yusuf v. Vassar College*, 35 F.3d 709, 715 (2d. Cir. 1994). *See* Pl. Motion *in limine* (Doc#140), *citing inter alia Doe v. Rollins College, M.D.Fla. No. 6:18-cv-1069-RBD-LRH, 2021 U.S. Dist. LEXIS 114806 (Feb. 25, 2021)* (cautioning a the school against "trying to turn this breach of contract trial into a sexual misconduct trial") |
| 26. | Video 2 (3/3/21 Doe Production) | Irrelevant under Rule 402 and likely to cause unfair prejudice under Rule 403. Evidence of the underlying "guilt" or "innocence" of John Doe is not relevant under the test set forth in *Yusuf v. Vassar College*, 35 F.3d 709, 715 (2d. Cir. 1994). *See* Pl. Motion *in limine* (Doc#140), *citing inter alia Doe v. Rollins College, M.D.Fla. No. 6:18-cv-1069-RBD-LRH, 2021 U.S. Dist. LEXIS 114806 (Feb. 25, 2021)* (cautioning a the school against "trying to turn this breach of contract trial into a sexual misconduct trial") |

| Ex. No. | Description | Objections |
|---|---|---|
| 27. | Video 3 (3/3/21 Doe Production) | Irrelevant under Rule 402 and likely to cause unfair prejudice under Rule 403. Evidence of the underlying "guilt" or "innocence" of John Doe is not relevant under the test set forth in *Yusuf v. Vassar College*, 35 F.3d 709, 715 (2d. Cir. 1994). *See* Pl. Motion *in limine* (Doc#140), *citing inter alia Doe v. Rollins College, M.D.Fla. No. 6:18-cv-1069-RBD-LRH, 2021 U.S. Dist. LEXIS 114806 (Feb. 25, 2021)* (cautioning a the school against "trying to turn this breach of contract trial into a sexual misconduct trial") |
| 28. | Video 4 (3/3/21 Doe Production) | Irrelevant under Rule 402 and likely to cause unfair prejudice under Rule 403. Evidence of the underlying "guilt" or "innocence" of John Doe is not relevant under the test set forth in *Yusuf v. Vassar College*, 35 F.3d 709, 715 (2d. Cir. 1994). *See* Pl. Motion *in limine* (Doc#140), *citing inter alia Doe v. Rollins College, M.D.Fla. No. 6:18-cv-1069-RBD-LRH, 2021 U.S. Dist. LEXIS 114806 (Feb. 25, 2021)* (cautioning a the school against "trying to turn this breach of contract trial into a sexual misconduct trial") |
| 29. | Video 5 (3/3/21 Doe Production) | Irrelevant under Rule 402 and likely to cause unfair prejudice under Rule 403. Evidence of the underlying "guilt" or "innocence" of John Doe is not relevant under the test set forth in *Yusuf v. Vassar College*, 35 F.3d 709, 715 (2d. Cir. 1994). *See* Pl. Motion *in limine* (Doc#140), *citing inter alia Doe v. Rollins College, M.D.Fla. No. 6:18-cv-1069-RBD-LRH, 2021 U.S. Dist. LEXIS 114806 (Feb. 25, 2021)* (cautioning a the school against "trying to turn this breach of contract trial into a sexual misconduct trial") |

| Ex. No. | Description | Objections |
|---|---|---|
| 30. | Video 6 (3/3/21 Doe Production) | Irrelevant under Rule 402 and likely to cause unfair prejudice under Rule 403. Evidence of the underlying "guilt" or "innocence" of John Doe is not relevant under the test set forth in *Yusuf v. Vassar College*, 35 F.3d 709, 715 (2d. Cir. 1994). *See* Pl. Motion *in limine* (Doc#140), *citing inter alia Doe v. Rollins College, M.D.Fla. No. 6:18-cv-1069-RBD-LRH, 2021 U.S. Dist. LEXIS 114806 (Feb. 25, 2021)* (cautioning a the school against "trying to turn this breach of contract trial into a sexual misconduct trial") |
| 31. | Video 7 (3/3/21 Doe Production) | Irrelevant under Rule 402 and likely to cause unfair prejudice under Rule 403. Evidence of the underlying "guilt" or "innocence" of John Doe is not relevant under the test set forth in *Yusuf v. Vassar College*, 35 F.3d 709, 715 (2d. Cir. 1994). *See* Pl. Motion *in limine* (Doc#140), *citing inter alia Doe v. Rollins College, M.D.Fla. No. 6:18-cv-1069-RBD-LRH, 2021 U.S. Dist. LEXIS 114806 (Feb. 25, 2021)* (cautioning a the school against "trying to turn this breach of contract trial into a sexual misconduct trial") |
| 32. | Notes (ERAU_002469 – ERAU_002471) (1/11/2021 Autumn Meyers-Parker Depo Exhibit Pl 13) | Needlessly cumulative under Rule 403 because offered as an exhibit by Plaintiff. |
| 33. | 11/6/19 Intake Statement (ERAU_001755 – ERAU_001756) (11/1/11/2021 Autumn Meyers-Parker Depo Exhibit Pl 14) | Needlessly cumulative under Rule 403 because offered as an exhibit by Plaintiff. |

| Ex. No. | Description | Objections |
|---|---|---|
| 34. | Request for Accommodation (ERAU_001746 – ERAU_001747) (1/11/2021 Autumn Meyers-Parker Depo Exhibit Pl 15) | Needlessly cumulative under Rule 403 because offered as an exhibit by Plaintiff. |
| 35. | Maxient Report (ERAU_002299 – ERAU_002313) (1/11/2021 Autumn Meyers-Parker Depo Exhibit Pl 16) | Needlessly cumulative under Rule 403 because offered as an exhibit by Plaintiff. |
| 36. | 12/3/2019 Letter re Keck (ERAU_001768) (1/11/2021 Autumn Meyers-Parker Depo Exhibit Pl 17) | No objection |
| 37. | 12/11/2019 Letter re Keck (ERAU_001770) (1/11/2021 Autumn Meyers-Parker Depo Exhibit Pl 18) | Needlessly cumulative under Rule 403 because offered as an exhibit by Plaintiff. |
| 38. | Permission to Share Medical Records (ERAU_002327 – ERAU_002330) (1/11/2021 Autumn Meyers-Parker Depo Exhibit Pl 20) | Needlessly cumulative under Rule 403 because offered as an exhibit by Plaintiff. |
| 39. | Medical Exam (ERAU_001933 – ERAU_001939) (1/11/2021 Autumn Meyers-Parker Depo Exhibit Pl 21) | Needlessly cumulative under Rule 403 because offered as an exhibit by Plaintiff. |

| Ex. No. | Description | Objections |
|---|---|---|
| 40. | Statement Of Witness Contreras (ERAU_002331 – ERAU_002342) (1/11/2021 Autumn Meyers-Parker Depo Exhibit Pl 25) (Impeachment purposes only) | Needlessly cumulative under Rule 403 because offered as an exhibit by Plaintiff. |
| 41. | Statement Of Witness Delotach (ERAU_002362 – ERAU_002385) (1/11/2021 Autumn Meyers-Parker Depo Exhibit Pl 26) (Impeachment purposes only) | Needlessly cumulative under Rule 403 because offered as an exhibit by Plaintiff. |
| 42. | Request For Reconsideration (ERAU_001990 – ERAU_001992) (1/11/2021 Autumn Meyers-Parker Depo Exhibit Pl 28) | Needlessly cumulative under Rule 403 because offered as an exhibit by Plaintiff. |
| 43. | 4/16/20 Frost Ltr (ERAU_002458 – ERAU_2459) (1/11/2021 Autumn Meyers-Parker Depo Exhibit Pl 29) | Needlessly cumulative under Rule 403 because offered as an exhibit by Plaintiff. |
| 44. | Maxient Report (ERAU_002117 – ERAU_002126) (1/12/21 Linda Dammer Depo Exhibit Pl 32) | Needlessly cumulative under Rule 403 because offered as an exhibit by Plaintiff. |

| Ex. No. | Description | Objections |
|---|---|---|
| 45. | Statement of Ronald Tom (ERAU_002146 – ERAU_002160) (1/12/21 Linda Dammer Depo Exhibit Pl 34) (Impeachment purposes only) | Needlessly cumulative under Rule 403 because offered as an exhibit by Plaintiff. |
| 46. | Keck Signed Documents (1/15/21 David Keck Depo Exhibit Pl 36) | Needlessly cumulative under Rule 403 because offered as an exhibit by Plaintiff. |
| 47. | Email Chain (1/19/21 Heidi Steinhauer Depo Exhibit Pl 37) (Impeachment purposes only) | Needlessly cumulative under Rule 403 because offered as an exhibit by Plaintiff. |
| 48. | 6/10/20 Outcome Letter (ERAU_002462 – ERAU_002464) (1/25/21 Jason Langston Depo Exhibit Pl 39) | Needlessly cumulative under Rule 403 because offered as an exhibit by Plaintiff. |
| 49. | *Doe v Colgate Univ* (4/13/21 Aya Gruber Depo Exhibit 4) | Not relevant under Rule 402. |

| Ex. No. | Description | Objections |
|---|---|---|
| 50. | Text Messages (ERAU_001730 – ERAU_001736) ([John Doe] Depo. Ex. 60) | Irrelevant under Rule 402 and likely to cause unfair prejudice under Rule 403. Evidence of the underlying "guilt" or "innocence" of John Doe is not relevant under the test set forth in *Yusuf v. Vassar College*, 35 F.3d 709, 715 (2d. Cir. 1994). *See* Pl. Motion *in limine* (Doc#140), *citing inter alia Doe v. Rollins College, M.D.Fla. No. 6:18-cv-1069-RBD-LRH, 2021 U.S. Dist. LEXIS 114806 (Feb. 25, 2021)* (cautioning a the school against "trying to turn this breach of contract trial into a sexual misconduct trial") |
| 51. | Email (ERAU_002208 – ERAU_002209) ([John Doe] Depo. Ex. 68) | Irrelevant under Rule 402 and likely to cause unfair prejudice under Rule 403. Evidence of the underlying "guilt" or "innocence" of John Doe is not relevant under the test set forth in *Yusuf v. Vassar College*, 35 F.3d 709, 715 (2d. Cir. 1994). *See* Pl. Motion *in limine* (Doc#140), *citing inter alia Doe v. Rollins College, M.D.Fla. No. 6:18-cv-1069-RBD-LRH, 2021 U.S. Dist. LEXIS 114806 (Feb. 25, 2021)* (cautioning a the school against "trying to turn this breach of contract trial into a sexual misconduct trial") |
| 52. | 11/11/19 Ltr from Dammer to [John Doe] (ERAU_002129) ([John Doe] Depo. Ex. 70) | Irrelevant under Rule 402 and likely to cause unfair prejudice under Rule 403. Evidence of the underlying "guilt" or "innocence" of John Doe is not relevant under the test set forth in *Yusuf v. Vassar College*, 35 F.3d 709, 715 (2d. Cir. 1994). *See* Pl. Motion *in limine* (Doc#140), *citing inter alia Doe v. Rollins College, M.D.Fla. No. 6:18-cv-1069-RBD-LRH, 2021 U.S. Dist. LEXIS 114806 (Feb. 25, 2021)* (cautioning a the school against "trying to turn this breach of contract trial into a sexual misconduct trial") |

| Ex. No. | Description | Objections |
|---|---|---|
| 53. | Title IX Advisor Form (ERAU_002135) ([John Doe] Ex. 71) | Irrelevant under Rule 402 and likely to cause unfair prejudice under Rule 403. Evidence of the underlying "guilt" or "innocence" of John Doe is not relevant under the test set forth in *Yusuf v. Vassar College*, 35 F.3d 709, 715 (2d. Cir. 1994). *See* Pl. Motion *in limine* (Doc#140), *citing inter alia Doe v. Rollins College, M.D.Fla. No. 6:18-cv-1069-RBD-LRH, 2021 U.S. Dist. LEXIS 114806 (Feb. 25, 2021)* (cautioning a the school against "trying to turn this breach of contract trial into a sexual misconduct trial") |
| 54. | Investigation Request (ERAU_002213) ([John Doe] Depo. Ex. 72) | Irrelevant under Rule 402 and likely to cause unfair prejudice under Rule 403. Evidence of the underlying "guilt" or "innocence" of John Doe is not relevant under the test set forth in *Yusuf v. Vassar College*, 35 F.3d 709, 715 (2d. Cir. 1994). *See* Pl. Motion *in limine* (Doc#140), *citing inter alia Doe v. Rollins College, M.D.Fla. No. 6:18-cv-1069-RBD-LRH, 2021 U.S. Dist. LEXIS 114806 (Feb. 25, 2021)* (cautioning a the school against "trying to turn this breach of contract trial into a sexual misconduct trial") |
| 55. | 1/9/19 Ltr from Meyers-Parker (ERAU_002214) ([John Doe] Depo. Ex. 73) | Irrelevant under Rule 402 and likely to cause unfair prejudice under Rule 403. Evidence of the underlying "guilt" or "innocence" of John Doe is not relevant under the test set forth in *Yusuf v. Vassar College*, 35 F.3d 709, 715 (2d. Cir. 1994). *See* Pl. Motion *in limine* (Doc#140), *citing inter alia Doe v. Rollins College, M.D.Fla. No. 6:18-cv-1069-RBD-LRH, 2021 U.S. Dist. LEXIS 114806 (Feb. 25, 2021)* (cautioning a the school against "trying to turn this breach of contract trial into a sexual misconduct trial") |

| Ex. No. | Description | Objections |
|---|---|---|
| 56. | 1/10/20 Report (ERAU_001791) ([John Doe] Depo. Ex. 74) | Needlessly cumulative under Rule 403 because offered as an exhibit by Plaintiff. |
| 57. | 1/14/20 Ltr from Dammer (ERAU_002215) ([John Doe] Depo. Ex. 76) | Irrelevant under Rule 402 and likely to cause unfair prejudice under Rule 403. Evidence of the underlying "guilt" or "innocence" of John Doe is not relevant under the test set forth in *Yusuf v. Vassar College*, 35 F.3d 709, 715 (2d. Cir. 1994). *See* Pl. Motion *in limine* (Doc#140), *citing inter alia Doe v. Rollins College*, M.D.Fla. No. 6:18-cv-1069-RBD-LRH, 2021 U.S. Dist. LEXIS 114806 (Feb. 25, 2021) (cautioning a the school against "trying to turn this breach of contract trial into a sexual misconduct trial") |
| 58. | 11/15/19 Statement Approval (ERAU_002167) ([John Doe] Depo. Ex. 77) | Irrelevant under Rule 402 and likely to cause unfair prejudice under Rule 403. Evidence of the underlying "guilt" or "innocence" of John Doe is not relevant under the test set forth in *Yusuf v. Vassar College*, 35 F.3d 709, 715 (2d. Cir. 1994). *See* Pl. Motion *in limine* (Doc#140), *citing inter alia Doe v. Rollins College*, M.D.Fla. No. 6:18-cv-1069-RBD-LRH, 2021 U.S. Dist. LEXIS 114806 (Feb. 25, 2021) (cautioning a the school against "trying to turn this breach of contract trial into a sexual misconduct trial") |
| 59. | 1/23/20 Respondent Statement (ERAU_002233-2235) ([John Doe] Depo. Ex. 78) | Needlessly cumulative under Rule 403 because contained in investigation report. |

| Ex. No. | Description | Objections |
|---|---|---|
| 60. | 2/26/20 Statement Approval for Feb 5th and 12th meeting (ERAU_002262) ([John Doe] Depo. Ex. 79) | Irrelevant under Rule 402 and likely to cause unfair prejudice under Rule 403. Evidence of the underlying "guilt" or "innocence" of John Doe is not relevant under the test set forth in *Yusuf v. Vassar College*, 35 F.3d 709, 715 (2d. Cir. 1994). *See* Pl. Motion *in limine* (Doc#140), *citing inter alia Doe v. Rollins College, M.D.Fla. No. 6:18-cv-1069-RBD-LRH, 2021 U.S. Dist. LEXIS 114806 (Feb. 25, 2021)* (cautioning a the school against "trying to turn this breach of contract trial into a sexual misconduct trial") |
| 61. | 2/26/20 Statement Approval for Feb 26th meeting (ERAU_0022621) ([John Doe] Depo. Ex. 80) | Irrelevant under Rule 402 and likely to cause unfair prejudice under Rule 403. Evidence of the underlying "guilt" or "innocence" of John Doe is not relevant under the test set forth in *Yusuf v. Vassar College*, 35 F.3d 709, 715 (2d. Cir. 1994). *See* Pl. Motion *in limine* (Doc#140), *citing inter alia Doe v. Rollins College, M.D.Fla. No. 6:18-cv-1069-RBD-LRH, 2021 U.S. Dist. LEXIS 114806 (Feb. 25, 2021)* (cautioning a the school against "trying to turn this breach of contract trial into a sexual misconduct trial") |
| 62. | 2/28/20 Statement Approval for Feb 28th meeting (ERAU_002268) ([John Doe] Depo. Ex. 81) | Irrelevant under Rule 402 and likely to cause unfair prejudice under Rule 403. Evidence of the underlying "guilt" or "innocence" of John Doe is not relevant under the test set forth in *Yusuf v. Vassar College*, 35 F.3d 709, 715 (2d. Cir. 1994). *See* Pl. Motion *in limine* (Doc#140), *citing inter alia Doe v. Rollins College, M.D.Fla. No. 6:18-cv-1069-RBD-LRH, 2021 U.S. Dist. LEXIS 114806 (Feb. 25, 2021)* (cautioning a the school against "trying to turn this breach of contract trial into a sexual misconduct trial") |

| Ex. No. | Description | Objections |
|---|---|---|
| 63. | 2/17/20 Email re. opening statement (ERAU_002256) ([John Doe] Depo. Ex. 82) | Irrelevant under Rule 402 and likely to cause unfair prejudice under Rule 403. Evidence of the underlying "guilt" or "innocence" of John Doe is not relevant under the test set forth in *Yusuf v. Vassar College*, 35 F.3d 709, 715 (2d. Cir. 1994). *See* Pl. Motion *in limine* (Doc#140), *citing inter alia Doe v. Rollins College*, M.D.Fla. No. 6:18-cv-1069-RBD-LRH, 2021 U.S. Dist. LEXIS 114806 (Feb. 25, 2021) (cautioning a the school against "trying to turn this breach of contract trial into a sexual misconduct trial") |
| 64. | 3/24/20 Outcome Ltr (ERAU_002272-2276) ([John Doe] Depo. Ex. 83) | Needlessly cumulative under Rule 403 because offered as an exhibit by Plaintiff. |
| 65. | Request for Reconsideration (ERAU_000379-ERAU_000382) ([John Doe] Depo. Ex. 84) | Needlessly cumulative under Rule 403 because offered as an exhibit by Plaintiff. |
| 66. | 4/16/20 Granting Request for Reconsideration (ERAU_002292 - ERAU_002293) ([John Doe] Depo. Ex. 85) | Needlessly cumulative under Rule 403 because offered as an exhibit by Plaintiff. |
| 67. | 5/3/20 Email re. update on case 20190261(ERAU_002294 - ERAU_002295) ([John Doe] Depo. Ex. 86) | Not relevant under Rule 402. |

| Ex. No. | Description | Objections |
|---|---|---|
| 68. | 6/10/20 Reconsideration Decision Ltr (ERAU_002296-ERAU_002298) ([John Doe] Depo. Ex. 87) | Needlessly cumulative under Rule 403 because offered as an exhibit by Plaintiff. |
| 69. | [John Doe] Medical Docs (PL 132-141) ([John Doe] Depo. Ex. 88) (Impeachment purposes only) | This exhibit is hearsay prohibited by Rule 802. This exhibit is not a statement by a witness admissible under Rule 613(b) or an opposing party's statement admissible under Rule 801(d)(2). |
| 70. | [John Doe] Medical Docs (PL 132-143) ([John Doe] Depo. Ex. 89) (Impeachment purposes only) | This exhibit is hearsay prohibited by Rule 802. This exhibit is not a statement by a witness admissible under Rule 613(b) or an opposing party's statement admissible under Rule 801(d)(2). |
| 71. | Maxient File (ERAU_001727-2479 and 3853-4085) (Impeachment purposes only) | This exhibit is hearsay prohibited by Rule 802. This exhibit is not a statement by a witness admissible under Rule 613(b) or an opposing party's statement admissible under Rule 801(d)(2). |

FOR DEFENDANT:

/s/ Shaina Stahl
Shaina Stahl
Florida Bar No. 77643
390 N. Orange Avenue, Suite 1400
Orlando, FL 32801
(407) 839-4200
shaina.stahl@nelsonmullins.com

Daniel A. Cohen

(Pro Hac Vice)
Jeffrey R. Daniel
(Pro Hac Vice)
Nelson Mullins Riley & Scarborough, LLP
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000
dan.cohen@nelsonmullins.com
jeff.daniel@nelsonmullins.com