**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JOHN DOE,

       Plaintiff,

                              CASE NO. 6:20-cv-01220-WWB-LRH

vs.

EMBRY-RIDDLE AERONAUTICAL
UNIVERSITY, INC.,

       Defendant.

_____/

**<u>DEFENDANT'S PROPOSED JURY INSTRUCTIONS</u>**

Defendant Embry-Riddle Aeronautical University, Inc. submits the following proposed jury instructions:

**<u>REQUEST TO CHARGE NO. 1</u>**
**General Preliminary Instruction**
**(11th Cir. Patt. Jury Instr. 1.1 (2020 ed.))[1]**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

<u>The jury's duty</u>:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

---

[1] This pattern instruction has been slightly modified to fill in the party names and provide a description of the case.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

-2-

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if he/she thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case. I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

-3-

- the reasonableness of the witness's testimony in light of all the evidence; and

- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions.

Plaintiff is a student at Embry-Riddle Aeronautical University. He was expelled after Embry-Riddle found him responsible for violating Embry-Riddle's Sexual Misconduct Policy by engaging in non-consensual sexual penetration with another student, Jane Roe. Embry-Riddle investigated and adjudicated the incident under its Resolution Process that applied to sexual misconduct cases.

Plaintiff contends that Embry-Riddle discriminated against him on the basis of his gender when it investigated and took disciplinary action against him for that alleged incident involving Jane Roe. Plaintiff further contends that Embry-Riddle breached its contract with him by failing to adhere to the terms of the Sexual Misconduct Policy and the Resolution Process.

Embry-Riddle denies those allegations, contending that it treated Plaintiff fairly and equitably and complied with the Sexual Misconduct Policy and Resolution Process. Embry-Riddle further contends that its alleged non-performance under the parties' contract is excused because Plaintiff materially breached his own contractual obligations under the Resolution Process.

Burden of proof:

-4-

Plaintiff has the burden of proving his case by what the law calls a "preponderance of the evidence." That means Plaintiff must prove that, in light of all the evidence, what he claims is more likely true than not. So, if you could put the evidence favoring Plaintiff and the evidence favoring Defendant on opposite sides of balancing scales, Plaintiff needs to make the scales tip to his side. If Plaintiff fails to meet this burden, you must find in favor of Defendant.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

<u>Conduct of the jury</u>:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, phone calls, and the

Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and Twitter. You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing

the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Plaintiff John Doe will present his witnesses and ask them questions. After Plaintiff questions the witness, Defendant Embry-Riddle may ask the witness questions – this is called "cross-examining" the witness. Then Embry-Riddle will present its witnesses, and Plaintiff may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law. You'll then go to the jury room to deliberate.

**REQUEST TO CHARGE NO. 2**
**Legal Status of Entities**
**(Florida Standard Civil Jury Instruction 416.44)**

Embry-Riddle University is a type of corporation. A Corporation in this context is a person under the law. All persons, whether Universities or individuals, are entitled to equal treatment under the law.

A University can act only through its employees.

-7-

**REQUEST TO CHARGE NO. 3**
**Consideration of Direct and Circumstantial Evidence; Argument of Counsel;**
**Comments by the Court**
**(11th Cir. Patt. Jury Instr. 3.3 (2020 ed.))**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.


**REQUEST TO CHARGE NO. 4**
**Credibility of Witnesses**
**(11th Cir. Patt. Jury Instr. 3.4 (2020 ed.))**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each

witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1.  Did the witness impress you as one who was telling the truth?

2.  Did the witness have any particular reason not to tell the truth?

3.  Did the witness have a personal interest in the outcome of the case?

4.  Did the witness seem to have a good memory?

5.  Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6.  Did the witness appear to understand the questions clearly and answer them directly?

7.  Did the witness's testimony differ from other testimony or other evidence?

### REQUEST TO CHARGE NO. 5
**Impeachment of Witnesses Because of Inconsistent Statements**
**(11th Cir. Patt. Jury Instr. 3.5.1 (2020 ed.))**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was

because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**REQUEST TO CHARGE NO. 6**
**Responsibility for Proof – Plaintiff's Claims – Preponderance of the Evidence**
**(11th Cir. Patt. Jury Instr. 3.7.1 (2020 ed.))**

In this case it is the responsibility of the Plaintiff to prove every essential part of his claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claims by a preponderance of the evidence, you should find for the Defendant as to that claim.

**REQUEST TO CHARGE NO. 7**
**Responsibility for Proof – Affirmative Defense – Preponderance of the Evidence**
**(11th Cir. Patt. Jury Instr. 3.7.2 (2020 ed.))**

In this case, the Defendant asserts the affirmative defense of unclean hands. Even if the Plaintiff proves his claim(s) by a preponderance of the evidence, the Defendant can still prevail in this case if it proves an affirmative defense by a preponderance of the evidence.

I caution you that the Defendant does not have to disprove the Plaintiff's claims, but if the Defendant raises an affirmative defense, the only way it can prevail on that specific defense is if it proves that defense by a preponderance of the evidence.

### REQUEST TO CHARGE NO. 8
### Duty to Deliberate When Only the Plaintiff Claims Damages
### (11th Cir. Patt. Jury Instr. 3.8.1 (2020 ed.))

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**REQUEST TO CHARGE NO. 9**
**Election of Foreperson Explanation of Verdict Form**
**(11th Cir. Patt. Jury Instr. 3.9 (2020 ed))**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**REQUEST TO CHARGE NO. 10**
**Legal Cause – Damage**
**(Florida Standard Civil Jury Instruction 417.6)**

Embry-Riddle's alleged failure to investigate and adjudicate Plaintiff's complaint of sexual misconduct against Jane Roe is the legal cause of his alleged injury if it directly and in natural and continuous sequence produces or contributes substantially to producing such damage, so that it can be reasonably said that, but for Embry-Riddle's

failure to investigate and adjudicate Plaintiff's complaint against Jane Roe, the injury would not have occurred.

### REQUEST TO CHARGE NO. 11
### Title IX – Intentional Discrimination on the Basis of Gender

Plaintiff has sued Embry-Riddle under Title IX of the Education Amendments of 1972. Title IX prohibits colleges and universities from denying students access to educational benefits and opportunities on the basis of the student's gender.[2] Plaintiff contends that Embry-Riddle discriminated against him based on his gender when it investigated and took disciplinary actions against him for his alleged non-consensual sexual penetration of Jane Roe. For the Plaintiff to prevail against Embry-Riddle under Title IX, he must demonstrate that Embry-Riddle engaged in intentional[3] gender discrimination against him—*i.e.*, that Embry-Riddle would not have investigated or taken disciplinary action against him had he not been male.[4]

---

[2] *See* 20 U.S.C. § 1681(a) ("No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to [gender] discrimination under any education program or activity receiving Federal financial assistance. . . .").

[3] See *Franklin v. Gwinnett Cnty. Pub. Schs.*, 503 U.S. 60, 75 (1992) (clarifying that Title IX's implied private right of action requires a showing of intentional gender discrimination).

[4] *See Sheppard v. Visitors of Va. St. Univ.*, 993 F.3d 230, 236-37 (4th Cir. 2021) ("We agree that 'on the basis of sex' requires 'but-for' causation in Title IX claims alleging discriminatory school disciplinary proceedings."); *cf. Bostock v. Clayton Cnty.*, Ga., 140 S. Ct. 1731, 1739 (2020) ("[T]he ordinary meaning of 'because of' is 'by reason of' or 'on account of.' In the language of the law, this means that Title VII's 'because of' test incorporates the simple and traditional standard of but-for causation." (cleaned up)); *Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 140 S. Ct. 1009, 1014 (2020) ("Under this [but-for] cause standard, a plaintiff must demonstrate that, but for the defendant's unlawful conduct, its alleged injury would not have occurred. This ancient and simply 'but for' common law causation test, we have held, supplies the 'default' or 'background' rule against which Congress is normally presumed to have legislated when created its own new causes of action. That includes when it comes to federal antidiscrimination laws. . . ."); *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1212 n.6 (11th Cir. 2008) (explaining that Americans

## REQUEST TO CHARGE NO. 12
### Breach of Contract – Introduction

Under Florida law, there is an implied contract between a student and a private university that if the student fully complies with the rules and regulations of the institution, then the university will confer to him a degree.[5] In this case, Plaintiff contends that Embry-Riddle breached its implied contract with him by failing to adhere to the terms of the Sexual Misconduct Policy and Resolution Process.

Embry-Riddle denies that it breached any provision of the Sexual Misconduct Policy or Resolution Process. Embry-Riddle further contends that Plaintiff may not recover for breach of contract because he did not perform all or substantially of his contractual obligations under the Resolution Process when, during the investigation, Plaintiff refused to turn over cell phone evidence that Embry-Riddle requested and lied about having any cell phone evidence—in breach of his contractual obligation under Page 15, Subsection D. of the Resolution Process to cooperate with and participate in the investigation.

---

with Disabilities Act, which prohibits discrimination "on the basis of disability," requires plaintiff to show that his disability was the but-for cause of the disparate treatment).
[5] *Villard v. Capella Univ.*, No. 6:17-cv-1429-Orl-41GJK, 2017 WL 9253388, at *2 (M.D. Fla. Dec. 21, 2017), *report and recommendation adopted,* 2018 WL 2011433 (Apr. 30, 2018) (quoting *McCawley v. Universidad Carlos Albizu, Inc.*, 461 F. Supp. 2d 1251, 1257 (S.D. Fla. 2006)).

**REQUEST TO CHARGE NO. 13**
**Breach of Contract – Essential Factual Elements**
**(Florida Standard Contract & Business Jury Instructions 416.4)**

To recover damages from Embry-Riddle for breach of contract, Plaintiff must prove all of the following:

1.      Plaintiff and Embry-Riddle entered into a contract;

2.      Plaintiff did all, or substantially all, of the essential things which the contract required him to do or that he was excused from doing those things;

3.      All conditions required by the contract for Embry-Riddle's performance had occurred;

4.      Embry-Riddle failed to do something essential which the contract required it to do, or Embry-Riddle did something which the contract prohibited it from doing and that prohibition was essential to the contract; and

5.      Plaintiff was damaged by that failure.


**REQUEST TO CHARGE NO. 14**
**Interpretation – Construction of Contract As A Whole**
**(Florida Standard Contract & Business Jury Instructions 416.17)**

In deciding what the disputed term(s) of the contract mean, you should consider the whole contract, not just isolated parts. You should use each part to help you interpret the others, so that all the parts make sense when taken together.


**REQUEST TO CHARGE NO. 15**
**Substantial Performance**
**(Florida Standard Contract & Business Jury Instructions 416.12)**

Embry-Riddle claims that Plaintiff did not perform all of the essential things which the contract required, and therefore Embry-Riddle did not have to perform its obligations

under the contract. The doctrine of substantial performance applies when the variance from the contract specifications is inadvertent or unintentional and unimportant so that the work actually performed is substantially what was called for in the contract.[6]

To defeat this claim, Plaintiff must prove both of the following:

1.      Plaintiff performed in good faith; and

2.      Plaintiff's performance was so nearly equivalent to what was bargained for that it would be unreasonable to deny him the right to recover for Embry-Riddle's failure to fully perform.[7]


**REQUEST TO CHARGE NO. 16**
**Breach of Contract Damages**
**(Florida Standard Contract & Business Jury Instructions 504.2)[8]**

To prevail on his breach-of-contract claim, Plaintiff must prove by a preponderance of the evidence that he sustained damages as a result of Embry-Riddle's alleged material breach of the Sexual Misconduct Policy or Resolution Process. In this case, he seeks both compensatory damages and special damages, which you shall be instructed on below:

a.  *Compensatory damages:*

Compensatory damages is that amount of money which will put Plaintiff in as good a position as he would have been if Embry-Riddle had not breached the contract and which naturally result from the breach.

---

[6] This sentence is not in Pattern Instruction No. 416.12. Rather it comes from footnote 4 to Pattern Instruction No. 416.4 (Breach of Contract – Essential Factual Elements) (citing *Lockhart v. Worsham*, 508 So. 2d 411, 412 (Fla. 1st DCA 1987)).

[7] Defendant has slightly modified bullet point 2 to make it fit with the facts of this case.

[8] With the exception of the introductory paragraph, this proposed jury instruction is transcribed directly from the pattern instruction.

*b. Special damages:*

Special damages is that amount of money which will compensate Plaintiff for those damages which do not normally result from the breach of contract. To recover special damages, Plaintiff must prove that when the parties made the contract, Embry-Riddle knew or reasonably should have known of the special circumstances leading to such damages.

## REQUEST TO CHARGE NO. 17
### Affirmative Defense – Unclean Hands

In this case, Embry-Riddle has asserted the affirmative defense of "unclean hands" as a defense to Plaintiff's damages claim that Embry-Riddle engaged in unlawful gender discrimination and breached its contract with Plaintiff by failing to investigate and adjudicate his complaint of sexual misconduct against Jane Roe.

The defense of "unclean hands" applies where the plaintiff exercises "bad faith relative to the matter in which he seeks relief," regardless of whether the defendant acted improperly.[9] To assert an unclean hands defense, a defendant must show that (1) the plaintiff's wrongdoing is directly related to the claim, and (2) the defendant was personally injured by the wrongdoing.[10]

Specifically, Embry-Riddle contends that Plaintiff has unclean hands because, during its investigation, Plaintiff lied about having and refused to produce cell phone evidence that depicted his and Jane Roe's relative levels of intoxication at or around the

[9] *Precisions Instrument Mfg. Co. v. Auto. Maintenance Machinery Co.*, 324 U.S. 806, 814 (1945).
[10] *Bailey v. TitleMax of Ga., Inc.*, 776 F.3d 797, 801 (11th Cir. 2015); *see also Rybovich Boat Works, Inc. v. Atkins*, 585 So.2d 270, 272 (Fla. 1991).

time of their alleged sexual activity.

If you find that Embry-Riddle has proven by a preponderance of the evidence that Plaintiff's are unclean, then you must find in favor of Embry-Riddle on its unclean hands defense as set forth on the verdict form.

This <u>1st</u> day of November, 2021.

Nelson Mullins Riley & Scarborough, LLP

By:    */s/ Shaina Stahl*_____
Shaina Stahl
Florida Bar No. 77643
390 N. Orange Avenue, Suite 1400
Orlando, FL 32801
(407) 839-4200
shaina.stahl@nelsonmullins.com

Daniel A. Cohen
(*Pro Hac Vice*)
Jeffrey R. Daniel
(*Pro Hac Vice*)
Nelson Mullins Riley & Scarborough LLP
201 17th Street NW, Suite 1700
Atlanta, GA 30363

(404) 322-6000
dan.cohen@nelsonmullins.com
jeff.daniel@nelsonmullins.com

*Attorneys for Embry-Riddle
Aeronautical University, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this <u>1st</u> day of November, 2021, I filed the foregoing

DEFENDANT'S PROPOSED JURY INSTRUCTIONS with the Clerk of the Court using

CM/ECF, which will electronically serve a copy to the below parties of record:

| | |
|---|---|
| Lori A. Sochin, Esq. | Joshua Engel, Esq. |
| The Law Office of Lori A. Sochin, PA | Anne Tamashasky, Esq. |
| Columbus Center, Suite 1410 | Engel & Martin LLC |
| 1 Alhambra Plaza | 4660 Duke Drive, Suite 101 |
| Coral Gables, FL 33134 | Mason, OH 45040 |
| las@lubellrosen.com | engel@engelandmartin.com |
| *Attorneys for Plaintiff* | tamashasky@engelandmartin.com |
| | *Attorneys for Plaintiff* |

*/s/ Shaina Stahl*  _____
Attorney