# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| JOHN DOE, | Case No. 6:20-cv-01220-WWB-LRH |
| Plaintiff, | Judge: BERGER |
| v. | MEMORANDUM OF LAW ON WITHDRAWAL OF JURY DEMAND |
| EMBRY-RIDDLE AERONAUTICAL UNIVERSITY, INC. | |
| Defendant | |

Plaintiff John Doe respectfully submits this Memorandum on Law on his ability to withdraw his Jury Demand.[1] The Court, during the November 9, 2021 Status Conference, requested briefing on the issue of whether Federal Rule of Civil Procedure 38(d) required that Defendant Consent to Plaintiff withdrawing his jury demand.

## FACTS

The Court is familiar with the facts of this matter, having recently issued an Order on cross-motions for summary judgment. (Doc#162.)

Plaintiff informed the Court during the November 9, 2021, Status Conference that he intended to withdraw his claims for compensatory damages and proceed only on his claims for injunctive relief and attorney's fees and costs under 42 U.S.C. §1988.[2] Plaintiff subsequently filed a Notice stating the same. (Doc#167.)

---

[1] Pursuant to the Court's January 13, 2021 Standing Order, this document is in 12-point Arial typeface, including all indented quotations, footnotes, and endnotes.

[2] Plaintiff may seek injunctive relief on his Title IX claim. *See Frederick v. Simpson College*, 149 F.Supp.2d 826, 841 (S.D.Iowa 2001) ("A plaintiff may seek relief under Title IX other than monetary damages."). Plaintiff may also seek injunctive relief on his

1

**MEMORANDUM**

Defendant objected to the withdrawal of the jury demand on the basis of Rule 38(d).[3] (Doc#169.) This Rule provides, "…A proper [jury] demand may be withdrawn only if the parties consent." Fed. R Civ. P. 38(d).

This Rule does not apply in this case because there is not right to a jury trial over Plaintiff's remaining claims. "Rule 38, as is made clear by its caption, is concerned with jury trials of right." *Kramer v. Banc of Am. Secs., LLC*, 355 F.3d 961, 968 (7th Cir. 2004). The Seventh Circuit explained

> Rule 38(d)'s requirement that the other parties consent to a withdrawal of a jury demand permits those other parties to rely on the jury demand to protect their right to a jury trial.

*Id*. citing *Partee v. Buch*, 28 F.3d 636, 636 (7th Cir. 1994) ("The plaintiff . . . was entitled to rely on the defendant's jury demand and was not required to file a separate jury demand on his own.").[4] Defendant was incorrect to suggest (during the status conference) that once a jury demand is filed, this Rule requires that a trial to a jury must occur for all claims – whether equitable for legal – unless all parties consent to its withdrawal. Rule 38(d) does not apply where there is no right to a jury for the claims involved. *Robinson v.*

---

remaining breach of contract claim under Florida law. *See Watts v. Florida International University*, S.D. Fl. No. 02-60199-CIV, 2005 U.S. Dist. LEXIS 40310, at *22-23 (June 9, 2005), *aff'd in part, rev'd in part*, 495 F.3d 1289 (11th Cir. 2007) (collecting cases; "Florida courts are not hesitant to correct procedural errors on the part of universities…").

[3] Although Defendant's "Objection" does not specifically cite to Rule 38(d), Counsel cited to this Rule during the Status Conference and the "Objection" is couched in the language of the Rule.

[4] In other words, if one party properly demands a jury trial on a claim where the right to a jury trial is guaranteed by the Seventh Amendment, all parties interested in the issues for which a jury trial has been demanded may rely on that demand and need not make an additional demand of their own. But, *and this is key*, a party may not rely on another party's demand if there is no right to a jury on the particular claim.

*Larson*, N.D.Fla. No. 3:13cv387-LC-CJK, 2018 U.S. Dist. LEXIS 196215, at *2 (Oct. 17, 2018) ("Although Fed. R. Civ. P. 38(d) provides that a proper demand for a jury trial may be withdrawn only if the parties consent, the rule applies only to cases in which there is a Seventh Amendment right to a jury."), *citing Kramer*, 355 F.3d at 968;  Rockwood v. SKF USA, Inc., D. N.H. No. 08-cv-168-PB, 2009 U.S. Dist. LEXIS 113852 at *3 (Dec. 3, 2009) ("Rule 38 - as its caption suggests - applies only when a party has a right to a jury trial."); *Gen. Instrument Corp. v. Nu-Tek Electronics & Mfg.*, E.D.Pa. Civil Action 93-CV-3854, 1996 U.S. Dist. LEXIS 4946, at *2 (Apr. 12, 1996) ("The limitation of Rule 38(d) does not apply, therefore, where an issue is not triable of right by a jury"); *Thaler v. PRB Metal Products, Inc.*, 810 F. Supp. 49, 50 (E.D. N.Y. 1993) (rejecting plaintiff's argument that Rule 38(d) prohibits a party from withdrawing its consent to a jury trial that is not of right and noting that "plaintiff cites no authority for the proposition that . . . consent cannot be withdrawn prior to trial").

This Court has held that Plaintiff can do precisely what was done in this case. "Where there exists no such right [to a jury trial], a party may unilaterally withdraw consent…" *Gulf Bay Capital, Inc. v. Textron Fin. Corp.*, M.D.Fla. No. 2:14-cv-209-FtM-29CM, 2016 U.S. Dist. LEXIS 98009, at *7 (July 27, 2016).[5]  In *Gulf* Bay, this Court considered a situation where a party sought to withdraw a jury demand over both legal and equitable claims for relief.  This Court differentiated between the two types of claims.  The Court thus agrees that withdrawal of the jury trial designation for the claims for

---

[5] The *Gulf Bay* court suggested that a party needs to file a motion to strike its own jury demand.  The Court suggested during the November 9, 2021 Status Conference that a Notice was sufficient.  Moreover, Rule 39 permits the striking of a jury demand on the Court's own motion when there is not right to a jury.  Plaintiff will, of course, file such a motion if the Court deems it advisable procedurally.

3

damages required both parties' consent.  But, this Court explained, "mutual consent to withdraw a jury designation… is not typically needed" on an equitable claim because "an equitable decision [is] made by the court, not the jury, and the parties are not entitled to a jury trial." *Id*.

This issue is controlled by the decision of the Eleventh Circuit in *FN Herstal SA v. Clyde Armory Inc.*, 838 F.3d 1071, 1089-1090 (11th Cir.2016).  In that case, although the parties originally requested a jury trial, some claims were dismissed and the plaintiff later withdrew jury demands because the remaining issues to be tried were purely equitable.  The court affirmed a decision that this withdrawal of a jury demand did not require the consent of the other party.  The Eleventh Circuit held, "When no right to a jury trial exists and where no prejudice will result, a party may unilaterally withdraw its consent to a jury trial."  838 F.3d at 1089-1090, *citing Kramer, supra*.

Other circuits agree.  In *Kramer,* the Seventh Circuit rejected the argument that once one party demanded a jury trial, it could *never* withdraw that demand without the other party's consent.  Instead, the court found that a demand could be unilaterally withdrawn where no such right existed. 355 F.3d 961, 968 (7th Cir. 2004).  In *Rachal v. Ingram Corp.*, 795 F.2d 1210, 1217 (5th Cir. 1986), the Fifth Circuit concluded that a plaintiff could withdraw a jury demand without defendant's consent because the Rules of Civil Procedure do not create the right to a jury, but rather preserves a right established by some other source.  The Sixth Circuit went further, concluding that a plaintiff's removal of his claim for compensatory damages "eliminated Defendants' right to trial by jury." *Whitson v. Knox Cty. Bd. of Edn.*, 468 F.App'x 532, 538 (6th Cir.2012).  The *Whitson* court noted that a district court abused its discretion in conducting a jury trial in that

4

situation: "the district court was incorrect in concluding that, without Defendants' consent, it did not have discretion to conduct a bench trial. Not only did the court have discretion to conduct a bench trial, that is what the court should have done." *Id.*

Applying the *HN Herstal* analysis, there is no prejudice in this case.  As an initial matter, Defendant waived any claim of prejudice by not requesting a jury trial in its answer.[6]  (Doc#129.)   Even if there was no waiver, prejudice cannot be claimed because this case is set for trial several months from now, so Defendant has ample opportunity to adjust trial preparations.[7]  The Eleventh Circuit in *FN Herstal* noted that a party does not suffer prejudice even when a jury trial is changed to a bench trial days before trial because "no right to a jury existed where only equitable relief was sought."  *Id.* citing *CBS Broad., Inc. v. EchoStar Commc'ns Corp.*, 450 F.3d 505, 517 n.25 (11th Cir. 2006).   See also *Shuler v. HP Resources, Inc.,* N.D.Ohio No. 1:13-cv-1659, 2014 U.S. Dist. LEXIS 18092, at *5 (Feb. 12, 2014) ("This case is set for trial several months from now, and defendants have ample opportunity to adjust trial preparations without being prejudiced.").

The only remaining question, then, is whether there is a right to a jury trial for Plaintiff's remaining claims.  There is not because the remaining relief sought is equitable, not legal.  This right to a jury trial does not exist in actions in which the complaint only seeks injunctive or other equitable relief. The Supreme Court, in discussing the right to a

---

[6] Nor was there any gamesmanship by Plaintiff; the decision to abandon the claim for compensatory damages was made less than a week after the Court's summary judgment decision dismissed part of Plaintiff's state law breach of contract claim.

[7] This Court should reject any conclusory claims of prejudice, such as a claim that Defendant may have conducted discovery differently.  The Court should require Defendant to provide specific examples supported by evidence of how it would have conducted the case differently   Cf. *Kitchen v. Chippewa Valley Schools*, 825 F.2d 1004, 1013 (6th Cir. 1987) (party "made only conclusory claims of prejudice" from switch from bench to jury trial "and have failed to convince us that they were discernibly prejudiced").

5

jury trial, has distinguished between legal claims (claims seeking a judgment for money damages), and claims which seek the exercise of a court's equitable jurisdiction. *See, e.g., Dairy Queen, Inc. v. Wood*, 369 U.S. 469 (1962); *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500 (1959). Plaintiff's remaining claims to vacate the disciplinary finding and restore him as a student in good standing are claims for a permanent injunction – such claims are purely equitable in nature and do not require a jury trial.  The Eleventh Circuit's opinion in *FN Herstal, supra.*, is on point on this question, too.  The court in that case explained that the Seventh Amendment does not guarantee a jury trial for claims for injunctive relief:

> For those claims which traditionally were cognizable at law, the right to a jury is generally preserved; for those claims which historically were considered equitable, no jury trial is mandated.  In particular, a right to a jury trial does not exist for suits seeking only injunctive relief, which is purely equitable in nature.

*FN Herstal SA, 838 F.3d at 1088 (quotations and citations omitted).  See City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 719 (1999) (Seventh Amendment right to a trial by jury does not apply to suits seeking only injunctive relief).

The fact that there was a jury demand in the complaint is immaterial.  "It is well settled that when a party withdraws its damages claims and pursues only equitable relief, a jury trial is no longer available and issues must be tried by the court."  *Stonewall Ins. Co. v. Natl. Gypsum Co.*, S.D.N.Y. 86 Civ. 9671 (JSM), 1992 U.S. Dist. LEXIS 14708, at *1 (Sep. 21, 1992).  For example, in *Chevron Corp. v. Donziger*, S.D.N.Y. No. 11 Civ. 0691, 2013 U.S. Dist. LEXIS 144764, at *4-5 (Oct. 7, 2013), a court held that a plaintiff's "commitment to 'seek in this action only equitable relief'" was "the end of the matter" and the case was set for a bench trial.  *See also 3M Co. v. Mohan*, 482 Fed. Appx. 574, 578-79 (Fed. Cir. 2012) (finding no right to a jury trial where a party proceeded only on

equitable claims); *Overbeck Corp. v. Overbeck GmbH*, E.D.N.Y. No. 03-CV-0844 , 2007 U.S. Dist. LEXIS 23740, at *11 (Mar. 30, 2007) (when "only injunctive relief remained available to plaintiff… the law is well settled that the complaining party is not entitled to a jury trial").

This conclusion is not changed by the possibility of an attorney's fee award under 42 U.S.C. § 1988. *Boston Scientific Corp. v. Ruiz*, S.D. Fla. No. 05-21270, 2005 U.S. Dist. LEXIS 50833, at *1 (July 18, 2005) (right to a jury in connection with the recovery of fees was "limited to claims for which attorney's fees pertain to the merits of the action (e.g., the measure of damages)—not… where they are simply a post-judgment award to the prevailing party"); *Hugueley v. Parker*, M.D.Tenn. No. 3:19-cv-00598, 2021 U.S. Dist. LEXIS 37608, at *8-9 (Mar. 1, 2021) ("such relief does not trigger a right to a jury under the Seventh Amendment if the plaintiff's claim does not otherwise require a jury"); *Hanrahan v. Mohr*, No. 2:13-CV-1212, 2017 U.S. Dist. LEXIS 154574, 2017 WL 4221458, at *8 (S.D. Ohio Sept. 21, 2017) (granting motion to strike defendants' jury demand by prisoner-plaintiff who sought declaratory and injunctive relief and fees pursuant to Section 1988); *Peterson v. City of Chicago*, N.D.Ill. No. 09 C 1839, 2011 U.S. Dist. LEXIS 114120, at *3 (Oct. 4, 2011) (argument that the potential for an award of costs and fees under §1988 created jury trial right "is downright disingenuous").

**CONCLUSION**

This matter should proceed as a bench trial.

        FOR PLAINTIFF:
        /s/ Joshua Engel
        JOSHUA ADAM ENGEL (OH 0075769)
           (TRIAL COUNSEL)
          *Pro hac vice*
        ANNE TAMASHASKY (OH 0064393)
          *Pro hac vice*
        ENGEL AND MARTIN, LLC
        4660 Duke Drive, Ste. 101
        Mason, OH 45040
        (513) 445-9600
        (513) 492-8989 (Fax)
        engel@engelandmartin.com

        Lori A. Sochin (FL 013048)
        LUBELL | ROSEN
        1 Alhambra Plaza, Suite 1410
        Coral Gables, FL 33134
        (305) 655-3425
        (305) 442-9047
        las@lubellrosen.com

**CERTIFICATE OF SERVICE**

This certifies that the foregoing was filed electronically on November 22, 2021. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

        /s/ Joshua Engel
        Joshua Adam Engel (Ohio No. 0075769)
          *pro hac vice*