**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JOHN DOE,

      Plaintiff,

vs.                                    CASE NO. 6:20-cv-01220-WWB-LRH

EMBRY-RIDDLE AERONAUTICAL
UNIVERSITY, INC.,

      Defendant.
_____/

### DEFENDANT'S MEMORANDUM OF LAW REGARDING JURY TRIAL

As discussed at the Trial Status Conference held on November 9, 2021, Defendant Embry-Riddle Aeronautical University, Inc. ("ERAU") files this brief regarding the effect of Plaintiff's oral withdrawal of his request for a jury trial and subsequent notice to the Court. [Doc. 167].

### I. INTRODUCTION

Plaintiff's withdrawal of his demand for a jury trial has no effect since Defendant has objected to the withdrawal. Plaintiff has stated that he has also withdrawn his claim for compensatory damages and is only seeking injunctive relief [Doc. 167], but does not clarify whether he is truly no longer proceeding to trial on any of his claims for legal relief. Even if only equitable claims remain, this Court should exercise its discretion to submit this case to an advisory jury.

### II. STATEMENT OF FACTS

When Plaintiff filed this lawsuit, he demanded a jury trial in his Complaint. [Doc. 1 at 1.] In his Complaint, he asserted claims under Title IX and for breach of contract under

Florida law. [*Id.* ¶¶ 46-89.] He sought numerous categories of damages, including "diminished earning capacity, lost career and business opportunities, . . . loss of reputation, humiliation, embarrassment, mental and emotional distress and other compensatory damages. . . ." [*Id.* ¶¶ 58.c., 89.] Other than attorney's fees and costs[1] under 42 U.S.C. § 1988, compensatory damages are the only form of monetary relief Plaintiff sought in this case.

In his prayer for relief, Plaintiff also sought a "permanent injunction restoring [him] as a student in good standing at ERAU, the removing of any negative notations on his transcripts and records, restoring of any scholarships, and prohibiting further disciplinary proceedings in a manner that violates Title IX or the contract between the parties." [*Id.* at 32.] Plaintiff did not plead a claim for specific performance or other equitable relief under his breach-of-contract count. [*See generally id.* ¶¶ 60-89.] And Plaintiff did not plead a claim for declaratory relief under any count. [*See generally id.*]

During the Trial Status Conference on November 9, 2021, Plaintiff announced for the first time in this case that he was withdrawing his claims for monetary damages and proceeding only with his claims for equitable relief and attorney's fees and costs under 42 U.S.C. § 1988. Later that day, he filed a notice formally withdrawing his demand for compensatory damages, as well as his demand for a jury trial. [Doc. 167.] Hence, the only remaining claims in this case are Plaintiff's claims for injunctive relief and his claim for attorney's fees and costs under § 1988.

---

[1] Expert witness costs are not recoverable under Title IX's fee-shifting provisions. *Hines v. DeWitt*, No. 2:13-CV-1058, 2016 WL 2342014, at *9 (S.D. Ohio May 4, 2016), *aff'd sub nom. Hines v. City of Columbus, Ohio*, 676 F. App'x 546 (6th Cir. 2017) ("this case is not an action to enforce any provision of § 1981 or § 1981a of Title 42; it is an action to enforce 42 U.S.C. § 1983. Therefore, expert-witness fees are not recoverable.").

On November 11, 2021, ERAU filed a notice of its objection to Plaintiff unilaterally withdrawing his request for a jury trial. [Doc. 169.]

### III.   ARGUMENT AND CITATION OF AUTHORITY

#### A.  Plaintiff Cannot Withdraw His Request for Jury Trial

"When a jury trial has been demanded under [Federal] Rule [of Civil Procedure] 38, the action must be designated on the docket as a jury action." Fed. R. Civ. P. 39(a). Under Rule 38(b), a plaintiff may demand in his complaint a jury trial "[o]n any issue triable of right by a jury. . . ."  Rule 38(d) provides that once a timely jury demand has been made, it may only be withdrawn with the consent of the parties.  *Hall v. Sharpe*, 812 F.2d 644, 649 (11th Cir. 1987).  Consent must be "clear and unambiguous," and without it, Defendant is entitled to a jury trial.  *Id.*  Defendant did not consent at the Trial Status conference and filed its objection to Plaintiff unilaterally withdrawing his request for a jury trial. [Doc. 169.]  Therefore, Plaintiff's withdrawal of his jury trial request has no effect on whether this case will be tried before a jury.

#### B.  Plaintiff's Withdrawal of his Demand for Compensatory Damages Does Not Necessarily Mean Defendant Will Not Receive a Jury Trial

Under Rule 39(a)(2), "[t]he trial on all issues so demanded must be by jury unless . . . the court, on motion or its own, finds that on some or all of those issues there is no federal right to a jury trial." When an action involves both legal and equitable claims, the defendant has a right to a jury trial, "including [on] all issues common to both claims. . . ." *Burns v. Lawther*, 53 F.3d 1237, 1242 (11th Cir. 1995). But if a plaintiff withdraws all of his claims for legal relief, the defendant no longer has a right to a jury trial. *Reviv IP LLC v. Revive Health and Wellness Stuart LLC*, No. 19-62923-CIV-MORENO, 2021 WL 2312870, *1 (S.D. Fla. June 7, 2021); *Ezell v. Mobile Cnty. Personnel Bd.*, No. A 76-154-

H, 1980 WL 324437, *1, 4 (S.D. Ala. Mar. 18, 1980).  In deciding whether the Seventh Amendment entitles a litigant to a jury trial in a particular case, a court must ascertain whether the case will resolve legal rights. *Curtis v. Loether*, 415 U.S. 189 (1974).

### a.  Plaintiff's Contract Action Is Not Equitable in Nature

Defendant would have a right to a jury trial regarding Plaintiff's common law breach of contract action, which seeks only monetary damages in the Complaint.  (Doc. 1 ¶ 89 "John Doe's damages include diminished earnings capacity, lost career and business opportunities, litigation expenses including attorney fees, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages, in an amount to be determined by a jury and the Court").

The contract action is for legal damages, and this is not a case where the relief is equitable in nature. By withdrawing his claim for compensatory damages, Plaintiff has effectively withdrawn his claim for breach of contract, as he never had a right to equitable relief under that theory. The Complaint does not seek any type of declaratory or equitable relief related to the breach-of-contract action.

Even if he had, because the alleged contract between ERAU and Plaintiff is one for personal services, Plaintiff never had any right to seek specific performance or other equitable relief under his breach-of-contract claim. *See Montaner v. Big Show Prods., S.A.*, 620 So.2d 246, 248 (Fla. App. 1993). "Contracts for employment or personal services should not be enforced by injunction or specific performance." *Id.* "The appropriate remedy is an action for damages for breach of contract." *Id.* "An injunction to prevent the breach of a personal service contract is not available." *Id.*  Nor is any other equitable relief associated with contractual claims available, such as a declaratory judgment, reformation, and/or rescission.

Plaintiff cites *Watts v. Fla. Int'l Univ.*, No. 02-60199-CIV, 2005 WL 3730879, at *7 (S.D. Fla. June 9, 2005), aff'd in part, vacated in part, 495 F.3d 1289 (11th Cir. 2007) to claim that he may seek injunctive relief in his breach of contract claim. [Doc. 173 p. 2]. However, the case he cites as well as those cited within are *not* breach of contract cases, but administrative matters. There is no precedent for placing someone back on campus who has been found guilty of sexual misconduct because of an alleged breach of contract. Plaintiff's contract claims are solely legal in nature and not equitable.

Plaintiff has withdrawn his claim for breach of contract because he never had a right to equitable relief under that theory. He will therefore be proceeding to trial exclusively on his Title IX claim. Otherwise, his claims must be tried to a jury.

### b. Equitable Claims *May* be Tried to a Jury

Regardless of whether there is a right to a jury trial, under Rule 39(c), the Court may still "try any issue with an advisory jury. . . ." A trial court has discretion to empanel a jury and adopt its findings of fact, "even in an equity case." *Reliance Life Ins. Co. of Pittsburgh v. Everglades Discount Co.*, 204 F.2d 937, 942 (5th Cir. 1953). If the Title IX action for equitable relief remains the only action to be tried, while a jury trial is not required, the Court should still submit the factual issues to an advisory jury.

The Court remains free to accept or reject an advisory jury's findings, in whole or in part, and is obligated to make its own independent assessment of the issues submitted to the advisory jury. *Ashland v. Ling-Temco-Vought, Inc.*, 711 F.2d 1431, 1438 (9th Cir. 1983); *see also OCI, Wyoming v. PacifiCorp*, 479 F.3d 1199, 1206 (10th Cir. 2007). "While the district court may exercise its discretion to accept or reject the advisory jury's verdict, the advisory jury's decision is not binding on the district court and the district court has the 'ultimate responsibility' for deciding the case's legal and factual issues." *Id.* The Court

still is required to make its own findings of fact and conclusions of law under Fed. R. Civ. P. 52(a). *Id.* at 1205-06.

Factual issues, such as whether ERAU discriminated against Plaintiff *on the basis of his gender* is appropriate to be determined by an advisory jury. Although solely equitable claims under Title IX do not provide Defendant the absolute right to a jury trial, the federal courts have condoned the use of an advisory jury under Rule 39(c) in discrimination cases. *See Broadnax v. City of New Haven*, 415 F.3d 265, 271 (2d Cir. 2005); *Pals v. Schepel Buick & GMC Truck, Inc.*, 220 F.3d 495 (7th Cir. 2000); *Whiting v. Jackson State University*, 616 F.2d 116 (5th Cir. 1980).

The Parties have proceeded through this case for a year and a half in preparation for a jury trial. The Parties have even gone so far as to prepare and submit jury instructions and voir dire requests to the Court prior to the Trial Status Conference at which, a month before the scheduled trial period, Plaintiff for the first time decided to withdraw his jury demand.

In this case, using an advisory jury would incorporate the public's views of gender equity and experience with school decisions underlying this Title IX action. Defendant believes that this advice would have particular value here because Plaintiff's claims of discrimination implicate important questions of public interest in the community based upon the current education system. This advisory jury would provide the Court with valuable guidance in making its own findings and conclusions on the complex factual issues in this case.

## IV.   CONCLUSION

For the foregoing reasons, this Court must submit this matter to a jury trial if there are any claims for legal relief and, even if not, should submit to an advisory jury and

consider their findings of fact.

This <u>23rd</u> day of November, 2021.

                          Nelson Mullins Riley & Scarborough, LLP

By:   <u>*/s/ Shaina Stahl*</u>
       Shaina Stahl
       Florida Bar No. 77643
       390 N. Orange Avenue, Suite 1400
       Orlando, FL 32801
       (407) 839-4200
       shaina.stahl@nelsonmullins.com

Daniel A. Cohen
(*Pro Hac Vice*)
Jeffrey R. Daniel
(*Pro Hac Vice*)
Nelson Mullins Riley & Scarborough LLP
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000
dan.cohen@nelsonmullins.com
jeff.daniel@nelsonmullins.com

*Attorneys for Embry-Riddle Aeronautical University, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of November, 2021, I filed the foregoing with the Clerk of the Court using CM/ECF, which will electronically serve a copy to the below parties of record:

| | |
|---|---|
| Lori A. Sochin, Esq.<br>The Law Office of Lori A. Sochin, PA<br>Columbus Center, Suite 1410<br>1 Alhambra Plaza<br>Coral Gables, FL 33134<br>las@lubellrosen.com<br>*Attorneys for Plaintiff* | Joshua Engel, Esq.<br>Anne Tamashasky, Esq.<br>Engel & Martin LLC<br>4660 Duke Drive, Suite 101<br>Mason, OH 45040<br>engel@engelandmartin.com<br>tamashasky@engelandmartin.com<br>*Attorneys for Plaintiff* |

*/s/ Shaina Stahl*
Attorney